[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11585
Non-Argument Calendar

_____

D. C. Docket No. 90-08065-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAVON HEATH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 22, 2008)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Lavon Heath, a federal prisoner convicted of a crack cocaine offense,

appeals pro se the district court's denial of his 18 U.S.C. § 3582 motion for reduction of sentence based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine offenses. Heath originally was held responsible for 240 kilograms of crack cocaine, resulting in the maximum drug offense level of 38, with a guideline range of 292 to 365 months' imprisonment. He was sentenced to 292 months' imprisonment, and he subsequently filed the instant § 3582 motion, asserting that he was eligible for a sentence reduction based on Amendment 706, as his conviction was for a crack cocaine offense. On appeal, Heath contends that the district court, in denying him § 3582 relief, improperly relied on the amount of crack cocaine that was attributed to him at sentencing, which he had challenged. Further, he argues that, during his § 3582 proceedings, he was entitled to file a motion to suppress certain evidence that was introduced at his criminal trial.

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, where the issue presented involves a legal interpretation, review is de novo. United States v. Pringle, 350 F.3d 1172, 1178 (11th Cir. 2003).

Although a district court generally cannot modify a term of imprisonment once it has been imposed, an exception lies in § 3582(c)(2), where:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added).  A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" – and is, therefore, not authorized under § 3582(c)(2) if the amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706, which reduced the offense levels in crack cocaine cases calculated pursuant to § 2D1.1(c) by two levels, became effective November 1, 2007. See U.S.S.G. App. C, Amend. 706 (2007).  The Amendment was made retroactive as of March 3, 2007, by incorporation into U.S.S.G. § 1B1.10(c). See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).[1]  As a result of the amendment, base offense level 38 now applies to an offense involving 4.5

---

[1] The March 1, 2008 Supplement has been superseded by the May 1, 2008 Supplement and, when used with the 2007 Manual, constitutes the operative Guidelines Manual effective May 1, 2008. See U.S.S.G. Cover (Supp. May 1, 2008).

kilograms or more of crack cocaine, whereas base offense level 36 applies to an offense involving at least 1.5, but fewer than 4.5 kilograms of crack cocaine. U.S.S.G. § 2D1.1(c)(1), (2).  Although the retroactive effect of Amendment 706 allows a defendant whose guideline imprisonment range was determined in accordance with the offense level calculations under § 2D1.1 to seek a reduction in his sentence, a defendant who was sentenced on the basis of 4.5 kilograms or more of crack cocaine is not eligible for a sentence reduction because the amendment does not have the effect of lowering the applicable guideline range. See U.S.S.G. § 1B1.10(a)(2)(B); U.S.S.G. § 2D1.1.

In making the determination of whether to apply a retroactive amendment to an eligible defendant, the district court must: (1) substitute the amended guideline range for the originally applied guideline range; and (2) consider the § 3553(a) factors and determine whether or not to reduce the defendant's original sentence. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). If a defendant is not eligible because an amendment is not applicable, however, the district court is not required to engage in this two-step analysis. See U.S.S.G. § 1B1.10, comment. (n.1(a)) ("[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline 3582(c)(2) and this policy statement do not constitute a full resentencing of the

4

defendant." U.S.S.G. § 1B1.10(a)(3). Accordingly, § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous resentencing issues." United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000). Specifically, a district court should leave intact its previous factual decisions from the sentencing hearing when deciding whether to reduce a defendant's sentence. See United States v. Cothran, 106 F.3d 1560, 1563 (11th Cir. 1997). In Cothran, we held that the district court correctly declined to re-examine the number of marijuana plants involved in the drug offense. Id.

Because Heath ultimately was held responsible for 240 kilograms of crack cocaine, the amendment, which increased the threshold amount from 1.5 to 4.5 kilograms of crack cocaine for offense level 38 to apply, did not change his guideline range, and thus, a sentence reduction was not authorized under § 3582(c)(2). Furthermore, to the extent that Heath challenges the original sentencing court's determination of the amount of crack cocaine attributable to him, the district court was not required to re-examine that determination in considering his § 3582(c)(2) motion. See Cothran, 106 F.3d at 1563. Finally, the district court was not required to consider Heath's extraneous sentencing issues because he was not eligible for a sentence reduction. Accordingly, the district court did not err in denying Heath's § 3582 motion, and we affirm.

**AFFIRMED.**