[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12232
Non-Argument Calendar

_____

D. C. Docket No. 96-00033-CR-4-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVON CAMPBELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 8, 2009)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Devon Campbell, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to reduce his 240-month sentence under 18 U.S.C. § 3582(c)(2). The district court denied the motion because it found Campbell was held responsible for over 4.5 kilograms of crack cocaine at his original sentencing hearing and, accordingly, Amendment 706 to the Sentencing Guidelines did not change his sentencing range.

In 1996, Campbell was convicted on one count of conspiracy to possess with intent to distribute cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 846 and 841(a), (b)(1)(A)(iii). A presentence investigation report (PSI) found Campbell was responsible for at least 13 kilograms of crack cocaine. At sentencing, the district court set Campbell's offense level at 38 because he was responsible for "at least 1.5 kilograms" of crack cocaine and it was "abundantly clear . . . the 1.5 threshold was met." U.S.S.G. § 2D1.1(c). Regarding the drug quantity, the court found the PSI "correct." Based on the offense level 38 and criminal history category I, Campbell's Guidelines imprisonment range was 235 to 293 months. The district court sentenced him to 240 months' imprisonment, and we affirmed his conviction on direct appeal.

On appeal, Campbell argues the district court erred in denying his § 3582(c)(2) motion because he was only responsible for 1.5 kilograms of crack

cocaine at sentencing, and not 13 kilograms, as the district court found in its order denying the motion. In a related point, Campbell argues evidence did not support the district court's drug quantity finding at sentencing. Campbell also argues the district court should have considered his post-sentencing educational achievements in its analysis of the 18 U.S.C. § 3553(a) factors.

I.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). We review for an abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *Id.*

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). After considering applicable § 3553(a) factors, the court may reduce the defendant's sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A § 3582(c)(2) motion to reduce a sentence does not provide the basis for *de novo* resentencing. U.S.S.G. § 1B1.10(a)(3); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). Accordingly, § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous sentencing issues." *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000). A district court should leave intact its previous factual decisions from the sentencing hearing when deciding whether to reduce a defendant's sentence. *See United States v. Cothran*, 106 F.3d 1560, 1563 (11th Cir. 1997) (holding the district court correctly declined to re-examine the number of marijuana plants involved in the drug offense).

The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). However, a reduction in the term of imprisonment is not consistent with the Guidelines policy statement, and therefore not authorized by § 3582(c)(2), if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G.

4

§ 1B1.10(a)(2)(B); *see also United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (stating only retroactively applicable amendments "that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)").

Amendment 706, which is listed in U.S.S.G. § 1B1.10(c), was made retroactive by Amendment 713. *See* U.S.S.G. App. C, Amend. 713. Prior to the amendment, base offense level 38 applied to drug offenses involving 1.5 kilograms or more of crack cocaine. *See, e.g.*, U.S.S.G. § 2D1.1(c)(1) (1995). As a result of the amendment, base offense level 38 now applies to an offense involving 4.5 kilograms or more of crack cocaine, whereas base offense level 36 applies to an offense involving at least 1.5 but fewer than 4.5 kilograms of crack cocaine. U.S.S.G. § 2D1.1(c)(1), (2). Thus, Amendment 706 reduced offense levels in certain crack cocaine cases by two levels, as reflected in the drug quantity table in U.S.S.G. § 2D1.1(c).

The district court did not abuse its discretion in denying Campbell's motion to modify his sentence under § 3582(c)(2). First, the court did not err in finding Campbell was held responsible for over 4.5 kilograms of crack cocaine based on the court's drug quantity finding at his 1997 sentencing.[1] The issue of quantity

---

[1] Moreover, Campbell's argument that evidence did not support the district court's drug quantity finding at sentencing must fail. Because he did not raise this argument before the district

was contested and litigated at sentencing. After considering arguments from both sides, the testimony of a DEA agent involved in Campbell's case, and objections to the quantity of drugs used to determine Campbell's base amount range, the sentencing court explicitly found the PSI, which stated Campbell was responsible for over 13 kilograms of crack cocaine, was "correct." Although Campbell apparently seizes on the court's finding he was responsible for "at least 1.5 kilograms," that finding did not contradict the complementary finding he was actually accountable for over 13 kilograms of crack cocaine. Rather, the court referenced 1.5 kilograms because that was the high-end threshold for an offense level of 38 under the pre-amendment drug table in U.S.S.G. § 2D1.1(c)(1).

Second, the district court properly found Amendment 706 did not lower Campbell's Guidelines range. Because he was responsible for over 4.5 kilograms of crack cocaine, his applicable offense level under amended Guidelines Section 2D1.1(c)(1) remained at 38, the same level calculated at sentencing. Thus, his applicable Guidelines range remained unchanged at 235 to 293 months' imprisonment. In other words, Campbell was responsible for a large enough

---

court, review is for plain error. *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (stating under the plain error standard, we will correct an error only if there is: (1) error; (2) that is plain or obvious; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding). The court did not err, plainly or otherwise, in accepting the drug quantity determination from sentencing because it was not required to re-examine that determination in considering his § 3582(c)(2) motion.

amount of crack cocaine that the amendment, which increased the threshold amount from 1.5 to 4.5 kilograms for offense level 38 to apply, did not change his Guidelines range.

Finally, because the amendment did not lower Campbell's Guidelines range, the district court acted within its discretion in denying his § 3582 motion. Guidelines § 1B1.10 confirms § 3582(c)(2) does not authorize a sentence reduction where the amendment relied upon does not lower the applicable Guidelines range, and this policy statement is consistent with the language of § 3582(c)(2). Because Campbell's Guidelines range remained unchanged at 235 to 293 months' imprisonment even after the retroactive application of Amendment 706, the district court was not authorized to reduce his sentence under § 3582(c)(2).

## II.

As noted above, we review *de novo* a district court's legal conclusions regarding the scope of its authority. *White*, 305 F.3d at 1267. Under *United States v. Booker*, 125 S. Ct. 738 (2005), the district court must calculate the Guidelines range and consult the § 3553(a) factors to determine a reasonable sentence at a defendant's original sentencing hearing. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). The district court may not, however, conduct *de novo* resentencing based on a § 3582(c)(2) motion. U.S.S.G. § 1B1.10(a)(3); *Moreno*,

7

421 F.3d at 1220.  In addition, because *Booker* is not a retroactively applicable guideline amendment, it is inapplicable to § 3582(c)(2) motions.  *Moreno*, 421 F.3d at 1220.  Accordingly, "neither § 3582(c)(2) nor *Booker* provide[] a jurisdictional basis to reduce [a defendant's] sentence based on his post-sentencing rehabilitative conduct."  *Id.* at 1221.

To the extent Campbell properly raised the issue below, the district court did not err in declining to consider his post-sentencing educational achievements as a basis for finding him eligible for a sentence reduction under § 3582(c)(2).  Our holding in *Moreno* forecloses Campbell's *Booker*-related argument regarding the district court's consideration of the § 3553(a) factors and his post-sentencing conduct.  Accordingly, we reject Campbell's argument and affirm the district court's denial of his § 3582(c)(2) motion.

**AFFIRMED.**