[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 15, 2009
THOMAS K. KAHN
CLERK

No. 08-11909
Non-Argument Calendar

_____

D. C. Docket No. 88-00188-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARYON SHARP,
a.k.a. Dewayne Smith,
a.k.a. Buck,
a.k.a. Buckwheat,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(January 15, 2009)**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Daryon Sharp, a federal prisoner convicted of crack cocaine offenses, appeals the district court's denial of his pro se 18 U.S.C. § 3582 motion to reduce his sentence. After review, we affirm.

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1) (Supp. May 1, 2008). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B) (Supp. May 1, 2008). Sharp based his § 3582(c)(2) motion on Amendment 706 to the Sentencing Guidelines, which lowered most, but not all, of the base offense levels under U.S.S.G. § 2D1.1 for crack cocaine offenses.

The district court did not err in concluding that Sharp was ineligible for a § 3582(c)(2) reduction.[1] At Sharp's original sentencing, the district court found

---

[1] We review de novo a district court's legal conclusions regarding the scope of its authority to modify a sentence under § 3582(c)(2). United States v. White, 305 F.3d 1264, 1267

2

that Sharp was responsible for at least 15 kilograms of crack cocaine.[2]  Although

Amendment 706 reduced by two levels the offense levels for crack cocaine

offenses involving less than 4.5 kilograms of crack cocaine, Amendment 706 left

unchanged the base offense level (level 38) for offenses involving 4.5 kilograms or

more of crack cocaine.  Compare U.S.S.G. § 2D1.1(c)(1) (2006) with U.S.S.G.

§ 2D1.1(c)(1), (2) (2008).  Because Sharp is responsible for more than 4.5

kilograms of crack cocaine, Amendment 706 had no effect on his base offense

level or applicable advisory sentencing range.

To the extent Sharp argues that United States v. Booker, 543 U.S. 220, 125

S. Ct. 738 (2005) entitles him to a sentence reduction, Booker does not provide an

independent basis for § 3582(c)(2) relief.  United States v. Jones, 548 F.3d 1366,

___, 2008 WL 4934033, at *2 (11th Cir. 2008).  Further, because Sharp did not

---

(11th Cir. 2002).

[2]Sharp's argument that the district court incorrectly calculated the amount of drugs at his original sentencing is outside the scope of a § 3582(c)(2) proceeding.  See United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (explaining that § 3582(c)(2) "does not grant the court jurisdiction to consider extraneous resentencing issues"); United States v. Cothran, 106 F.3d 1560, 1563 (11th Cir. 1997) (upholding district court's refusal in a § 3582(c)(2) proceeding to re-examine drug quantity because factual decisions from the original sentencing are to be left intact).  In any event, Sharp challenged the drug quantity finding on direct appeal, and this Court affirmed.  See United States v. Andrews, 953 F.2d 1312, 1326-27 (11th Cir. 1992).  Moreover, Sharp filed an earlier § 3582(c)(2) motion for reduction based on a prior guidelines amendment – Amendment 505 – and in the appeal of the denial of that motion, this Court pointed out: "The district court was not authorized to review its findings about the quantity of cocaine attributed to Sharp . . . ."  United States v. Sharp, No. 96-6538, slip. op. at 3 (11th Cir. June 19, 1997) (per curiam).

3

qualify for resentencing under § 3582(c)(2), the district court had no occasion to consider the 18 U.S.C. § 3553(a) factors and the advisory guidelines or to exercise its discretion to impose a new sentence.

**AFFIRMED.**