[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14328
Non-Argument Calendar

_____

D. C. Docket No. 91-00146-CR-ORL-19JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK SIMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 21, 2009)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Frank Sims, a federal prisoner, appeals the denial of his *pro se* motion filed pursuant to 18 U.S.C. § 3582(c)(2), to reduce his 360-month sentence for conspiracy to possess with intent to distribute in excess of 50 grams of crack cocaine and possession with intent to distribute approximately 300 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(iii). On appeal, Sims argues that he is not automatically ineligible for the reduction based on the district court's finding at the original sentencing that the offense involved more than 15 kilograms of crack cocaine. Sims also argues that his sentence is above the statutory maximum allowable based upon the jury's verdict, in violation of *Apprendi*.[1] Sims also asserts that the district court should have rejected the Commission's policy statement under U.S.S.G. § 1B1.10 because it is inconsistent with the § 3553(a)(2) sentencing purposes and the rationale behind Amendment 706. Finally, Sims argues that the policy statement violates the Equal Protection and Due Process Clauses based on the Supreme Court's rulings in *Apprendi*, *Booker*[2], and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and may be rejected under *Kimbrough*[3] because the guidelines are not tied to empirical data.

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[2] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

[3] *Kimbrough v. United States*, 552 U.S. __, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007).

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). A reduction in the term of imprisonment is not consistent with the Guidelines policy statement, and therefore not authorized by § 3582(c)(2), if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

## I. Drug Quantity

Amendment 706, which is listed in U.S.S.G. § 1B1.10(c), was made retroactive by Amendment 713. *See* U.S.S.G. App. C, Amend. 713; U.S.S.G. § 1B1.10(c). Amendment 706 reduced offense levels in certain crack cocaine cases by two levels, as reflected in the drug quantity table in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 706.

We have held that a defendant who was accountable for 4.5 kilograms or

3

more of crack cocaine was not eligible for a sentence reduction under § 3582(c)(2) and Amendment 706 because his base offense level remained at 38 and his guideline range was not reduced. *United States v. Jones*, No. 08-13298, slip op. at 443-44 (11th Cir. Nov. 19, 2008).

Because the record demonstrates that Sims was held responsible at the original sentencing for over 4.5 kilograms of crack cocaine, Amendment 706 did not reduce his guideline range. *See Jones*, No. 08-13298, slip op. at 443-44. Consequently, we conclude that the district court did not err by denying Sims's § 3582(c)(2) motion, and we affirm as to this issue.

**II. Sentence Reduction under *Apprendi*, *Booker*, *Kimbrough*, and § 3553(a)**

In *Booker*, the Supreme Court held that the Sentencing Guidelines are advisory. *Booker*, 543 U.S. at 258-260, 125 S. Ct. at 764-65. In *Kimbrough*, the Court held that a district court could consider the crack cocaine/powder cocaine disparity in considering the § 3553(a) factors at sentencing. *Kimbrough*, 552 U.S. at __, 128 S. Ct. at 575. In *Apprendi*, the Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63. *Apprendi* is not retroactively applicable. *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (in the context of collateral review).

4

A § 3582(c)(2) motion to reduce a sentence does not provide the basis for *de novo* resentencing. U.S.S.G. § 1B1.10(a)(3); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). Accordingly, § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues." *United States v. Bravo*, 203 F.3d 778, 781-82 (11th Cir. 2000). A district court should leave intact its previous factual decisions from the sentencing hearing when deciding whether to reduce a defendant's sentence. *See United States v. Cothran*, 106 F.3d 1560, 1563 (11th Cir. 1997).

Because *Booker* is not a retroactively applicable guideline amendment, it is inapplicable to § 3582(c)(2) motions. *Moreno*, 421 F.3d at 1220. Moreover, in *Jones* we explicitly rejected an argument, from a defendant who was ineligible for the reduction because of the amount of cocaine, that the district court nevertheless had the authority to reduce his sentence under *Booker*. *Jones*, No. 08-13298, slip op. at 443-44.

Because the § 3582(c)(2) proceedings were limited in scope, we conclude that the district court properly declined to revisit the determination that Sims was responsible for 15 kilograms of crack cocaine. *See Cothran*, 106 F.3d at 1563; *see also Bravo*, 203 F.3d at 781-82. Additionally, because *Apprendi*, *Booker*, *Kimbrough*, and the § 3553(a) factors do not provide an independent basis for

reconsideration of a defendant's sentence, we conclude that the district court did not err in rejecting Sims's argument that he was still eligible for a § 3582(c)(2) sentence reduction. Consequently, we affirm as to this issue.

For the above-stated reasons, we affirm the district court's order denying Sims's motion to reduce his sentence.

**AFFIRMED.**