[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12226
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00008-CR-5-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCNEL ST. GEORGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 19, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Marcnel St. George, convicted of a crack cocaine offense, appeals pro se the district court's partial grant of his motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2). St. George argues that the re-sentencing court should have (1) revisited the drug amount used in determining his initial sentence because it was based on unreliable evidence and (2) applied the Sentencing Guidelines in an advisory manner only and granted a downward variance from the amended guideline imprisonment range, pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

## I.

A jury convicted St. George of conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). In a presentence investigation report ("PSI"), a probation officer (1) set St. George's base offense level at 38, pursuant to U.S.S.G. § 2D1.1, because he was responsible for 4.1 kilograms of crack cocaine, and (2) determined that St. George's criminal history category was I. With a total offense level of 38 and a criminal history category of I, St. George's guideline imprisonment range was 235 to 293 months. On August 17, 1998, the district court sentenced St. George to 264 months' imprisonment.[1] St. George appealed, and we affirmed his

---

[1] The district court found that St. George was responsible for only 1.78 kilograms of crack cocaine, but noted that this change did not alter his guideline imprisonment range.

conviction and sentence. On March 31, 2008, St. George filed the instant motion to reduce sentence, pursuant to § 3582(c)(2), on account of Amendment 706 to the Guidelines. On April 11, 2008, the district court partially granted the motion, reducing St. George's guideline imprisonment range to 188 to 235 months and sentencing him to 211 months' imprisonment, within the amended range.

## II.

We review the denial of a motion for modification of sentence for an abuse of discretion. United States v. Vautier, 144 F.3d 756, 759 n. 3 (11th Cir.1998). We review de novo "the district court's legal conclusions regarding the scope of its authority under the [Guidelines]." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008).

Pursuant to § 3582(c)(2), a district court may reduce an already-incarcerated defendant's sentence if (1) the sentence was determined using a guideline imprisonment range that subsequent retroactive amendments to the Guidelines have reduced and (2) the district court has considered the applicable factors set forth in 18 U.S.C. § 3553(a) and determined that a reduction would be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). These policy statements are contained in U.S.S.G. § 1B1.10. 18 U.S.C. § 3582(c).

3

In determining whether, and to what extent, a § 3582(c)(2) motion is warranted, the district court must engage in a two-part analysis. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must substitute the amended base offense level for the originally applied base offense level and determine what sentence it would have imposed had the amended base offense level been in effect at the time of the original sentencing. Id. at 780-81. In making this determination, the district court must leave intact all other guideline application decisions made during the original sentencing. Id. Indeed, we have held that a district court did not err in refusing to re-examine the number of marijuana plants involved in the offense in question and rejecting the defendant's argument that the district court should have heard new evidence on the drug quantity at a hearing. United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir.1997). Second, the district court must decide whether, in its discretion, it will elect to impose the newly calculated sentence or retain the original sentence. Id. at 781. In making this determination, the district court: (1) shall consider the § 3553(a) factors; (2) shall consider the nature and seriousness of the danger to any person or the community posed by the reduction; and (3) may consider the post-sentencing conduct of the defendant. U.S.S.G. § 1B 1.10, comment. (n. 1(B)).

We recently held that, once the district court has determined the defendant's

4

amended guideline imprisonment range and that a reduction is warranted, it may not rely on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and impose a sentence below that guideline imprisonment range. See United States v. Melvin, No. 08-13497, manuscript op. at 5, 7 (11th Cir. Feb. 3, 2009). In Melvin, the defendant argued that, pursuant to Booker, the district court could depart below the amended guideline imprisonment range at re-sentencing, as this range was advisory only. Id. at 3. The district court agreed, calculating an amended guideline imprisonment range of 84 to 105 months but imposing a sentence of 75 months' imprisonment. Id. We vacated and remanded, reasoning that U.S.S.G. § 1B1.10(b)(2)(A) instructs that "the court shall not reduce the defendant's term of imprisonment under [§ 3582(c)(2)] and this policy statement to a term that is less than the minimum of the amended guidelines range determined under [§ 1B1.10(b)(1)]" and holding that Booker did not prohibit this limitation on the district court's discretion in re-sentencing the defendant under § 3582(c)(2). Id. at 5, 7, 9-10.

## III.

Regarding St. George's drug-amount argument, the district court did not err in declining to revisit the drug amount. See Moore, 541 F.3d at 1326. In re-sentencing a defendant under § 3582(c)(2), the district court must leave intact all

5

guideline application decisions made during the initial sentencing, save the specific change made by the amendment in question. <u>Bravo</u>, 203 F.3d at 780. The district court does not have authority to revisit other factual matters, including drug quantity. <u>See</u> <u>id.</u>; <u>Cothran</u>, 106 F.3d at 1562. Likewise, regarding St. George's <u>Booker</u> argument, the district court did not err in declining to apply the Guidelines in an advisory manner and grant a downward variance. <u>See</u> <u>Moore</u>, 541 F.3d at 1326. <u>Booker</u> is inapplicable at re-sentencing under § 3582(c)(2). <u>See</u> <u>Melvin</u>, No. 08-13497, manuscript op. at 5, 7. Accordingly, we affirm.

**AFFIRMED.**