[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16401
Non-Argument Calendar

_____

D. C. Docket No. 03-00073-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY MCKINNIES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 27, 2009)

Before DUBINA, Chief Judge, PRYOR  and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory McKinnies appeals, pro se, the district court's denial of his motion

for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2). McKinnies's § 3582(c)(2) motion was based on Amendment 706 to the Guidelines, which reduced base offense levels applicable to crack cocaine. On appeal, McKinnies argues that he was entitled to a sentence reduction under § 3582(c)(2) because Amendment 706 to the Sentencing Guidelines reduced his base offense level and therefore changed his applicable guideline range. McKinnies also contends that the district court's drug quantity finding at his original sentencing was ambiguous, and that his case should be remanded for further proceedings. He further argues that the district court: (1) incorrectly determined that he was a career offender; and (2) failed to consider the § 3553(a) factors, as well as the crack/cocaine powder sentencing disparity and the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may not modify a term of imprisonment unless a defendant was sentenced based on a sentencing range that has "subsequently been lowered" by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(B), (c)(2). During a § 3582(c)(2) proceeding, the district court may only calculate the defendant's amended guideline range, and it may not disturb any

2

of its original factual findings. United States v. Cothran, 106 F.3d 1560, 1561-63 (11th Cir. 1997). Indeed, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis in the original).

Amendment 706, which has been made retroactive, amends the Drug Quantity Table in U.S.S.G. § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack cocaine offenses." United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554). However, if a defendant is a career offender, his base offense level is determined under the career-offender guideline in U.S.S.G. § 4B1.1(b) and not the drug-quantity guideline in § 2D1.1(c). Moore, 541 F.3d at 1327-28.

McKinnies's arguments are foreclosed by precedent. We recently held that defendants who are sentenced under the career-offender guideline are not sentenced under U.S.S.G. § 2D1.1, and are, therefore, ineligible for a § 3582(c)(2) sentence reduction pursuant to Amendment 706. See Moore, 541 F.3d at 1327-28. McKinnies' remaining arguments are likewise barred by precedent. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (holding that Booker does

3

not, by itself, permit a district court to impose a § 3582(c)(2) sentence reduction);

Cothran, 106 F.3d at 1561-63 (barring the district court from re-examining factual

findings made during the original sentencing proceedings).  Accordingly, we

hereby affirm the district court's decision.

**AFFIRMED.**[1]

---

[1]     McKinnies's motion to file his reply brief out of time is GRANTED.