[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12363
Non-Argument Calendar

_____

D. C. Docket No. 00-00354-CR-1-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID TYE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 19, 2009)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

David Tye, a federal prisoner convicted of possession of cocaine base with

intent to distribute, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 706 to the United States Sentencing Guidelines. After reviewing the record, we AFFIRM the district court's decision.

## I. BACKGROUND

In February 2001, Tye pled guilty to one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 851. See R1-1, 40. The presentence investigation report ("PSI") determined that 25.8552 kilograms of cocaine base had been involved in the offense, which meant that Tye's base offense level was 38. See U.S.S.G. § 2D1.1(c)(1) (Nov. 2000). At the sentencing hearing in April of that year, the district court agreed with the PSI's calculation of the alleged drug amount and overruled Tye's objection to the same.[1] The court ultimately sentenced Tye to 240 months of imprisonment, based on a total offense level of 38 and a criminal history category of II, which yielded a guidelines range of 262 to 327 months of imprisonment.[2] See R1-42 at 2.

---

[1] The transcript of the sentencing hearing was not included in the record on appeal, but both parties concur on what transpired at the hearing. See Appellant's Brief at 3–7; Appellee's Brief at 3–4.

[2] This total offense level reflected a two-level enhancement for possession of a dangerous weapon and two-level reduction for acceptance of responsibility. The PSI found Tye's criminal history category to be VII based on his prior convictions and career offender status. The district court sustained Tye's objections to the criminal history calculation and career offender designation and determined that his correct criminal history category was II.

2

In March 2009, Tye filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). See R1-49. He did not contest the court's determination of the amount of cocaine attributed to him at sentencing; rather, he suggested that the court should reduce his sentence in light of the factors discussed in 18 U.S.C. § 3553(a) and the purposes behind Amendment 706. See id. at 6, 13. The government, in its response, stated that Tye was ineligible for a reduction because Amendment 706 did not alter the base offense level for offenses involving 4.5 kilograms or more of crack cocaine and thus did not have the effect of reducing his guidelines range. See R1-52 at 8–9. The district court found that, "[f]or the reasons set forth in the Government's response," Amendment 706 did not apply to Tye because it did not reduce his guidelines range and therefore denied his § 3582(c)(2) motion. See R1-54. Tye appealed this decision. See R1-55.

## II. DISCUSSION

On appeal, Tye asserts that the quantity of crack cocaine attributed to him should have been less than 4.5 kilograms. He maintains that the district court, had it held argument on his 18 U.S.C. § 3582 motion, would have corrected the error and that he thus would have been eligible for a two offense level reduction based on Amendment 706. He acknowledges that his reasoning is at odds with our past precedent but argues that we nevertheless should reconsider his original objections

3

to the PSI as a matter of fairness. He also maintains that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), should apply to his motion and trigger a general resentencing based on the factors discussed in § 3553(a).

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008) (per curiam). "Once it is established that 18 U.S.C. § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion." Id. at 1368 n.1. Section 3582 permits a district court to modify a term of imprisonment if a defendant was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission, but only if that reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Such a reduction would not be consistent with those policy statements — and thus would be unauthorized by § 3582(c)(2) — if the guidelines amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (Nov. 2008).

To determine whether an amendment would have the effect of lowering the defendant's guideline range, a court should look at the sentence that would have been imposed if the amendment had been in place at the time of the original

4

sentencing. See id. § 1B1.10(b)(1). In so doing, the court should replace the guideline provision with the amendment and "leave all other guideline application decisions unaffected." Id. The court thus must keep intact all factual decisions relating to sentencing, such as applicable drug quantities, made at the sentencing hearing. See United States v. Cothran, 106 F.3d 1560, 1562–63 (11th Cir. 1997); see also United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (noting that "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing").

We find that the district court did not err in denying Tye relief based on § 3582. At the original sentencing, Tye was held accountable for 25.8552 kilograms of crack cocaine, and the district court was bound by this factual determination in addressing his § 3582 motion. See Cothran, 106 F.3d at 1562–63. Since Amendment 706 lowered the base offense level only for those accountable for less than 4.5 kilograms of crack cocaine, Amendment 706 did not have the effect of lowering Tye's guideline range and the district court had no authority to reduce his sentence under § 3582. See Jones, 548 F.3d at 1369; United States v. James, 548 F.3d 983, 986 (11th Cir. 2008) (per curiam) (finding a defendant not to be entitled to a sentence reduction because Amendment 706 did not lower his guideline range due to his being held accountable for more than 4.5 kilograms of

5

crack cocaine).

We also find meritless Tye's argument that considerations of fairness require us to reconsider his original objections to the PSI. Since he has offered no factual or legal support for this contention and made no showing along those lines to the district court, there is no reason to depart from our precedent prohibiting reconsideration of all determinations made at the original sentencing. See Bravo, 203 F.3d at 781. Additionally, we have rejected the notion that Booker applies to § 3582 proceedings. See United States v. Melvin, 556 F.3d 1190, 1190 (11th Cir. 2009) (per curiam). Accordingly, we conclude that the district court did not err in finding that it had no authority to reduce Tye's sentence pursuant to § 3582.

### III. CONCLUSION

Tye contends that the district court erred by denying his § 3582 motion for a sentence reduction. Because of the drug quantity attributable to Tye, a finding of fact that the court could not reconsider, Amendment 706 did not have the effect of lowering his guideline range. The district court thus correctly found that it had no authority to reduce his sentence, and we therefore AFFIRM the court's decision.

**AFFIRMED.**