[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11377
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 93-00102-CR-FTM-34-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNIE WARDLOW,
a.k.a. Watlow,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 7, 2009)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Johnnie Wardlow, a federal prisoner convicted of a crack cocaine offense,

appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. After review, we affirm.

Under § 3582(c)(2), a district court has the authority to modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1)-(2) (2009).[1] Wardlow based his § 3582(c)(2) motion on Amendment 706 to the Sentencing Guidelines, which lowered most, but not all, of the base offense levels applicable to crack cocaine offenses. See U.S.S.G. app. C, amends. 706, 713.

The district court correctly concluded that Wardlow was ineligible for a § 3582(c)(2) sentence reduction based on Amendment 706. At Wardlow's original sentencing in 1994, the district court found that Wardlow was responsible for over 15 kilograms of cocaine base. Based on the drug quantity table in U.S.S.G. § 2D1.1(c), the district court assigned Wardlow a base offense level of 42. See U.S.S.G. § 2D1.1(c)(1)(1993) (designating an offense level 42 for "15 KG or more of Cocaine Base"). With a criminal history category of I, the district court calculated Wardlow's guidelines range as 360 months' to life imprisonment and

---

[1]We review de novo the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

imposed a 360-month sentence.

In 1996, Wardlow filed his first § 3582(c)(2) motion based on Amendment 505, which lowered the base offense level under § 2D1.1(c)(1) of the drug quantity table from 42 to 38. See U.S.S.G. app. C, amend. 505 (changing § 2D1.1(c)(1) to level 38 and lowering the amount of crack cocaine to "1.5 KG or more of Cocaine Base"). The district court granted Wardlow's § 3582(c)(2) motion, finding his new offense level to be 38, making his guideline range 235 to 293 months' imprisonment. The district court imposed a 240-month sentence. In the amended judgment, the district court noted that Wardlow had been held responsible for over 15 kilograms of crack cocaine at his original sentencing.[2]

In 2008, Wardlow filed this second § 3582(c)(2) motion based on Amendment 706. Although Amendment 706 reduced by two levels the offense levels for crack cocaine offenses involving less than 4.5 kilograms, Amendment 706 left unchanged the base offense level (level 38) for offenses involving 4.5 kilograms or more of crack cocaine. Compare U.S.S.G. § 2D1.1(c)(1) (1996) with U.S.S.G. § 2D1.1(c)(1), (2) (2009). Because Wardlow was held responsible for more than 4.5 kilograms of crack cocaine (in fact, over 15 kilograms), Amendment

---

[2]Wardlow appealed the district court's § 3582(c)(2) ruling in 1996, and this Court affirmed his amended sentence. United States v. Wardlow, No. 98-3136 (11th Cir. June 21, 2001) (unpublished).

706 had no effect on his base offense level or his sentencing range. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (explaining that defendants held responsible for more than 4.5 kilograms of crack cocaine would not have a new guidelines range under Amendment 706 and, thus, would not be eligible for a § 3582(c)(2) reduction), cert. denied, 129 S. Ct. 1657 (2009).

We find meritless Wardlow's argument that, after his first § 3582(c)(2) motion, he was held responsible for only 1.5 kilograms of crack cocaine because he was resentenced under then-applicable § 2D1.1(c)(1), which designated an offense level 38 for crack cocaine offenses involving "1.5 KG or more of Cocaine Base." See U.S.S.G. § 2D1.1(c)(1) (1996) (emphasis added). Wardlow's 1996 amended sentence was not based on 1.5 kilograms of crack cocaine, but on more than 1.5 kilograms of crack cocaine, or more precisely 15 kilograms of crack cocaine. In any event, because a § 3582(c)(2) reduction is not a de novo resentencing, the district court could not, and did not, revise the amount of crack cocaine attributed to Wardlow when it granted his first § 3582(c)(2) motion and reduced his sentence. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (noting that original sentencing determinations remain unchanged with sole exception of amended guideline provision); United States v. Cothran, 106 F.3d 1560, 1563 (11th Cir. 1997) (explaining that district court ruling on § 3582(c)(2)

4

motion was bound by drug quantity finding from original sentencing).

Wardlow's argument that his sentence is unconstitutional in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), is foreclosed by binding precedent. See United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir.), cert. denied, 129 S. Ct. 2382 (2009). Because Wardlow was ineligible for resentencing under § 3582(c)(2), the district court had no authority to consider the 18 U.S.C. § 3553(a) factors and the advisory guidelines or exercise its discretion to impose a new sentence.

We also reject Wardlow's policy argument that the Sentencing Commission's decision to leave the base offense level at 38 for offenses involving more than 4.5 kilograms of crack cocaine is inconsistent with the policies underlying Amendment 706 because policy does not trump plain language. See Asociacion De Empleados Del Area Canalera v. Panama Canal Comm'n, 329 F.3d 1235, 1241 (11th Cir. 2003). Finally, based on the current record and briefs, Wardlow has not shown that Amendment 706 is at odds with 28 U.S.C. §§ 994(f) or 991(b)(1).

**AFFIRMED.**