United States Court of Appeals, Eleventh Circuit.

No. 96-8191.

UNITED STATES of America, Plaintiff-Appellee,

v.

Roger Franklin COTHRAN, Defendant-Appellant.

March 11, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 2:92-CR-12-2-WCO), William C. O'Kelley, District Judge.

Before BIRCH, Circuit Judge, and HILL and FARRIS[*], Senior Circuit Judges.

HILL, Senior Circuit Judge:

Appellant Roger Franklin Cothran appeals the sentence imposed by the district court pursuant to his post-conviction motion for modification of sentence under 18 U.S.C. § 3582(c)(2) predicated on a retroactive amendment to the federal sentencing guidelines. We affirm.

I.

Cothran was convicted in a jury trial of possessing marijuana with intent to distribute, manufacturing marijuana, and conspiracy. *See* 21 U.S.C. §§ 841(a)(1) and 846; 18 U.S.C. § 2. Cothran's Presentence Investigation Report (PSI) attributed 206 marijuana plants to him.[1] He did not contest the amount. The district court

---

[*]Honorable Jerome Farris, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

[1]Paragraph six of the PSI reads: "According to Agent Ferrier, Patch No. 1 contained 110 plants total ... Patch No. 2 contained 96 standing marijuana plants, for a total of 206 plants." The record reflects that the two patches were 500 feet apart.

sentenced Cothran to sixty-five months in prison. [2] This court affirmed his convictions and sentence. Subsequently, amendment 516 to USSG § 2D1.1 was adopted. USSG App.C, amend. 516 (Nov. 1, 1995). It gives a court authority to modify a sentence under § 3582(c)(2), *see* USSG § 1B1.10(a), and changes the weight equivalence of a marijuana plant for sentencing purposes from one kilogram to one hundred grams. *Id.* The amendment was made retroactive by the sentencing commission. USSG § 1B1.10(c).

Seeking to benefit from this guideline change, Cothran filed a § 3582(c)(2) motion for modification of sentence. At hearing, Cothran argued that the 206 plants were the equivalent of 20.6 kilograms of marijuana, and that his revised guideline sentencing range was now twenty-seven to thirty-three months. The district court disagreed, reducing Cothran's sentence, but only from sixty-five to sixty months, the statutory mandatory minimum for offenses involving one hundred or more marijuana plants. 21 U.S.C. § 841(b)(1)(B)(vii); USSG § 5G1.1(b).[3]

II.

_____

[2]The United States Sentencing Guidelines (USSG) in effect for offenses involving more than fifty marijuana plants, assigned a weight value of one kilogram to each marijuana plant involved, USSG § 2D1.1(c) (1992). Cothran was sentenced on the basis of 206 kilograms of marijuana. His guideline offense level 26 and criminal history category I gave him a guideline sentencing range of sixty-three to seventy-eight months.

[3]While admitting that "procedurally I find myself with Mr. Cothran in a bind if I interpret the law ... correctly," nevertheless, the district judge found that "I don't believe I have the—in a modification, that I have the prerogative to readjudicate these matters. All of the matters that you're arguing there today were adjudicated in Mr. Cothran's case earlier and have been affirmed by the Eleventh Circuit Court of Appeals...."

On appeal Cothran contends that the district court erred in refusing to re-examine the number of marijuana plants attributable to him at resentencing.[4] He argues that, under the plain language of § 3582(c)(2), referring the court to consider the factors listed in § 3553(a), the district court is authorized to conduct an evidentiary hearing to consider new evidence on issues of fact relevant to the retroactive guideline amendment.

The Government contends that the district court has discretion under § 3582(c)(2) whether to modify a defendant's sentence at all, *United States v. Vazquez,* 53 F.3d 1216, 1227 (11th Cir.1995), and that the factors listed in § 3553(a) merely inform the court whether to exercise its discretion or not. Further, the Government argues that a § 3582(c)(2) resentencing is not a "full-blown" resentencing proceeding but merely a form of limited remand. The Government claims that 206 plants, uncontested by Cothran at his original sentencing, are now the law of the case.

III.

While we have not yet addressed this issue in this circuit, others have. They are in agreement that § 3582(c)(2) and related sentencing guidelines do not contemplate a full *de novo* resentencing. *See United States v. Adams,* 104 F.3d 1028, 1030-31 (8th Cir.1997); *see United States v. Torres,* 99 F.3d 360 (10th Cir.1996), *petition for cert. filed,* --- U.S.L.W. ---- (U.S. Jan. 28, 1997) (No. 96-7743); *see United States v. Breen,* 928 F.Supp. 977 (D.Alaska), *aff'd,* 103 F.3d 141 (9th Cir.1996).

---

[4]Cothran claims that new evidence would prove that he was aware only of Patch No. 2 containing ninety-six plants, just under the statutory mandatory minimum floor.

A court's power to reduce sentences under § 3582(c)(2) is discretionary. *Vazquez,* 53 F.3d at 1226. The district court may reduce the previously imposed sentence "after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see United States v. Brown,* 104 F.3d 1254 (11th Cir.1997). A court should "consider the sentence that it would have imposed had the [retroactive] amendment(s) to the guidelines listed in [USSG § 1B1.10(c) ] been in effect at the time the defendant was sentenced." USSG § 1B1.10(b). In determining the amended guideline range under USSG § 1B1.10(b), the court shall substitute only the [retroactive] amendment ... for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected. USSG § 1B1.10, comment. (n.2) (Nov. 1, 1994).

This case is not unlike the Eighth Circuit case of *Adams,* 104 F.3d at 1030-31. In *Adams,* federal agents discovered 110 marijuana plants on property owned by Adams and his wife. In accordance with a plea agreement, Adams was charged with the manufacture of seventy-three plants and his son was charged with the manufacture of thirty-seven plants. Adams was sentenced to thirty months in prison. *Id.*

Subsequently, Adams filed § 3582(c)(2) motions urging the court to reconsider his sentence in light of amendment 516. The district court denied both motions asserting that "[h]ad the defendant been held accountable for the entire 110 marijuana

plants, the statutorily required minimum term of imprisonment would have been five years."  *Id.* at 1030.

Finding error, the Eighth Circuit remanded for resentencing, stating:

> We ... believe ... that the district court was bound by its previous determination with respect to the number of marijuana plants that was relevant to Mr. Adams's sentence.  In the first place, although the finding is perhaps not technically res judicata, it is unusual, for efficiency reasons if no other, for trial courts to revisit factual findings.  In the second place, the district court had already made a finding that the seventy-three plants for which Mr. Adams was going to be held responsible "adequately reflect[ed] the seriousness of the actual offense behavior," else the court could not have approved the reduction in the charges against Mr. Adams at all.  *See* USSG § 6B1.2(a).  In the third place, the sentencing guidelines direct a district court in situations like the present one to "consider the sentence that it would have imposed had the amendment[ ] ... been in effect" at the time of the original sentencing.  *See* USSG § 1B1.10(b).  *We think it implicit in this directive that the district court is to leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively.*

*Id.* at 1030-31 (emphasis added).

We conclude that the district court was correct in declining to re-examine the number of plants charged to Cothran.  Cothran received all to which he was entitled when the court, within its discretion, reduced his sentence to the statutory mandatory minimum.[5]

IV.

The district court is affirmed.

AFFIRMED.

---

[5]As we find that the district court was bound by its previous determination with respect to the number of marijuana plants that were relevant to Cothran's sentence, we need not reach Cothran's alternative argument that, as his original guideline sentence was greater than his statutory minimum sentence, the district court had never previously considered number of marijuana plants for purposes of § 841(b)(1)(B)(vii).