**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marion Earl HUPP, Defendant–Appellant.**

**No. 03–3255.**

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2003.

Before KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

*ORDER*

This is a direct appeal from a district court judgment denying a motion for modification of sentence on the authority of 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Marion Earl Hupp was found guilty by a jury of conspiracy to possess with intent to distribute methamphetamine, attempted possession with intent to distribute methamphetamine, and use of a communication facility to distribute more than 100 grams of methamphetamine. A panel of this court affirmed Hupp's conviction and 360 month sentence in all respects on direct appeal. *United States v. Hupp*, No. 95–3515, 1996 WL 316488 (6th Cir. June 10, 1996) (unpublished opinion). Hupp filed a series of unsuccessful collateral motions before filing a motion to modify his sentence on the authority of § 3582(c)(2). The district court denied the relief sought and this appeal followed.

The only issue presented for appellate review is whether the district court properly denied the § 3582(c)(2) motion. This court reviews a decision to deny a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir.1997). An abuse of discretion exists where this court is firmly convinced that a mistake has occurred, *Harrison v. Metro. Gov't*, 80 F.3d 1107, 1112–13 (6th Cir.1996), or where a district court has relied upon clearly erroneous findings. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995). An examination of the record and law shows that the district court did not commit an abuse of discretion.

A district court is permitted to reduce a term of imprisonment of a defendant whose sentence is otherwise final if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Hupp's motion is based on a claim that his guideline sen-

tencing range was lowered by Amendment 591, an amendment to the sentencing guidelines that became effective on November 1, 2000, and given retroactive effect under USSG § 1B1.10. Amendment 591 provides that the enhanced penalties of USSG § 2D1.2 (a two-level enhancement when a drug offense involves "a protected location or an underage individual or pregnant individual") do not apply where, although the defendant may have engaged in conduct described in § 2D1.2, the defendant was not in fact convicted of an offense referenced to § 2D1.2. Hupp maintained that the drug quantities for which he was sentenced had not been proven beyond a reasonable doubt and that, after the passage of Amendment 591, his guideline sentencing range was capped at five years or, at worst, twenty years. Hupp cited to *United States v. Strayhorn*, 250 F.3d 462 (6th Cir.2001), in support of this motion.

The district court rejected this claim. The court first concluded that Hupp's guideline sentencing range was not, in fact, calculated with reference to § 2D1.2, so that Amendment 591 was of little relevance to his claim. The court also noted that Hupp's reference to *Strayhorn*, a case that was overruled in *United States v. Leachman*, 309 F.3d 377 (6th Cir.2002), was a roundabout attempt to present an *Apprendi* challenge (after *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)) to the legality of the entire sentence. The court observed that *Apprendi* does not go to any possible lowering of Hupp's guideline sentencing range and is not, therefore, properly brought in the guise of a § 3582 motion. Finally, the court noted that the jury *did* specifically find beyond a reasonable doubt that Hupp's drug offenses involved an amount of methamphetamine that was equal to, or greater than, 100 grams.

Hupp takes issue with the entirety of the court's decision on appeal.

This appeal lacks merit. The short answer to Hupp's basic claim is that the jury manifestly determined that he was guilty of dealing in at least 100 grams of methamphetamine so that his guideline sentencing range, based on the five years to life penalty provision of the applicable version of 21 U.S.C. § 841(b)(1)(B)(viii), was proper. In addition, the district court properly noted that there was no reference to § 2D1.2 in calculating Hupp's sentencing range and Hupp does not claim otherwise.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.