[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12895
Non-Argument Calendar
_____

D. C. Docket No. 94-05004-CR-5-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALPHONSE GAINER,
a.k.a. Daddy Black,
a.k.a. Phillip L. Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 17, 2008)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Alphonse Gainer appeals the district court's denial of his motion for reconsideration of its decision to reduce his sentence to the top of his amended guideline range, under 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines. The district court, on its own motion, reduced Gainer's sentence to the top of his amended guideline range, but did not reduce Gainer's sentence any further because he had 26 criminal history points. Gainer filed a motion for reconsideration, arguing that the court should hold a hearing to determine whether: (1) the district court accurately calculated his criminal history; (2) the district court should have applied an obstruction of justice enhancement; and (3) the substance for which he was sentenced was indeed crack cocaine. Gainer also asked the court to reduce his sentence based on the crack/cocaine sentencing disparity and his good behavior while incarcerated. The district court denied Gainer's motion.

## I.

On appeal, Gainer argues that procedural due process required the district court to hold a hearing to: (1) give him a chance to be heard regarding his criminal history; (2) hear evidence concerning the 18 U.S.C. § 3553(a) factors; (3) resolve disputed sentencing facts; and (4) give Gainer the opportunity to be present at his § 3582 proceeding.

Under § 3582, a district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Fed.R.Crim.P. 35.  18 U.S.C. § 3582(c)(1)(B).  One statutory exception to this general rule includes relief under § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c).  U.S.S.G. App. C, Amend. 706 (2007).  The Commission made this amendment retroactively applicable, effective as of March 3, 2008.  *See* U.S.S.G., App. C, Amend. 713 (Supp. May 1, 2008).

The Federal Rules of Criminal Procedure permit a defendant's absence from a sentence modification proceeding.  *See* Fed. R. Crim. P. 43(b)(4); *United States v. Parrish*, 427 F.3d 1345, 1347-48 (11th Cir.  2005) (regarding right to be present at a revocation hearing and noting that Rule 43(b)(4) exempts proceedings under Rule 35 and § 3582(c) from the general rule that the defendant must be present at sentencing). With regard to factual disputes that can be raised at a § 3582(c)(2)

3

proceeding, we have addressed that issue in *United States v. Cothran*, 106 F.3d 1560 (11th Cir. 1997), where we stated that "the district court is to leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively." *Id.* at 1563 (quoting *United States v. Adams*, 104 F.3d 1028, 1031 (8th Cir. 1997)).

After reviewing the record and reading the parties' briefs, we conclude that the district court did not abuse its discretion in refusing to hold a hearing because the Federal Rules of Criminal Procedure permitted Gainer's absence from a § 3582 proceeding, and our precedent foreclosed the district court from reconsidering previously-adjudicated facts in this proceeding.

II.

Gainer next argues that the Supreme Court's *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), decision applies to § 3582(c)(2) proceedings to make the Sentencing Guidelines advisory in those proceedings. According to Gainer, since the guidelines are advisory, the district court should have taken into account the crack/cocaine sentencing disparity and imposed a downward variance as a result of that disparity.

In the § 3582(c)(2) context, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines."

4

*United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). In *Booker*, the Supreme Court re-affirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244, 125 S. Ct. at 756. The Court concluded that this constitutional holding was incompatible with the mandatory nature of the guidelines, and therefore, made the guidelines advisory for sentencing proceedings. *Id.* at 245, 258-60, 125 S. Ct. at 756, 764-65. Nowhere in *Booker*, however, did the Supreme Court mention § 3582(c)(2). *See generally id.*

The district court's statements indicate that it would not have imposed a downward variance, even if it had viewed the guidelines as advisory. Therefore, any error that it might have made regarding this issue would be harmless statutory error. Accordingly, we affirm the district court's order denying reconsideration and we affirm Gainer's sentence.

**AFFIRMED.**