[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 05, 2009
THOMAS K. KAHN
CLERK

No. 08-12678
Non-Argument Calendar

_____

D. C. Docket No. 04-00211-CR-T-23-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ALFONSO HENRY,
a.k.a. Pooky,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 5, 2009)**

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

James Alfonso Henry appeals the district court's order denying his 18

U.S.C. § 3582(c)(2) motion for a reduction in sentence.

I.

Henry first argues that the district court erred by not reducing his sentence below the 120 month statutory minimum. In a case involving 18 U.S.C. § 3582(c)(2), we review a district court's conclusions about the scope of its legal authority *de novo*. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008)(citing *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (*per curiam*)). Section 3582(c)(2) authorizes a district court to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." 18 U.S.C. § 3582(c)(2). Amendment 706 to the Sentencing Guidelines reduced the base offense level for some crack cocaine offenses by two levels. *See* U.S. SENTENCING GUIDELINES MANUAL App. C, amend. 706 (2007). Amendment 713 made Amendment 706 retroactive effective March 3, 2008. *See* U.S. SENTENCING GUIDELINES MANUAL App. C, amend. 713 (Supp. May 1, 2008).

Section 3582(c)(2) also requires that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10(a)(2)(B) of the Sentencing Guidelines states that a sentence reduction is not

authorized if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range." The application note for this section provides that an amendment does not have the effect of lowering the defendant's guideline range if the defendant was originally sentenced to a statutory minimum term of imprisonment. U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n.1(A) (Supp. May 1, 2008). The Supreme Court has also held that district courts remain "constrained by the mandatory minimums" in 21 U.S.C. § 841. *Kimbrough v. United States*, 552 U.S. ___, 128 S. Ct. 558, 574, 169 L. Ed. 2d 481 (2007).

Henry was originally sentenced to a statutory mandatory minimum sentence of 120 months in prison. Therefore, the district court did not err in ruling that Henry's guideline range was not reduced and that he was not eligible for relief under § 3582(c)(2).

## II.

Henry next argues, for the first time on appeal, that treating prisoners who, like himself, received a mandatory minimum sentence differently from those who do not, by declaring only the latter eligible for § 3582(c)(2) relief, violates the equal protection component of the due process clause of the Fifth Amendment. Arguments raised for the first time on appeal are reviewed for plain error. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005).

A § 3582(c)(2) proceeding does not constitute "a full *de novo* resentencing." *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997). We have previously held that constitutional claims are "extraneous resentencing issues" that a court cannot address in a context of a § 3582(c)(2) proceeding. *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000). Because a district court may not consider constitutional issues during a § 3582(c)(2) proceeding, the district court did not plainly err by not considering, *sua sponte*, Henry's equal protection challenge. A defendant is entitled to raise constitutional challenges to a sentence by making a collateral attack under 28 U.S.C. § 2255. *Id.*

Finding no reversible error with regard to Henry's sentence, we affirm.

**AFFIRMED.**