[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14390
Non-Argument Calendar

_____

D. C. Docket No. 96-00076-CR-2-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT MACK,
a.k.a. Al,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(February 11, 2009)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

In 1996, Albert Mack pled guilty to conspiracy to possess with intent to

distribute and to distribute heroin, cocaine, and crack cocaine, in violation of 21 U.S.C. § 846. At sentencing, the district court found Mack accountable for four and one third kilograms of crack cocaine. Because he was responsible for over 1.5 kilograms of the drug, his base offense level was set at 38. That level was increased by eight levels to level 46 pursuant to U.S.S.G. §§ 2D1.1, 3B1.1(a), and 3C1.1. Level 46 coupled with Mack's criminal history category of II yielded a Guidelines sentence range of life imprisonment. The Government moved the court for a downward departure pursuant to U.S.S.G. § 5K1.1. The court granted its motion and sentenced Mack to a prison term of 264 months. The Government subsequently filed a Federal Rule of Criminal Procedure 35 motion for a further reduction, and the court reduced Mack's prison term to 223 months.

On May 7, 2008, Mack, proceeding pro se, moved the district court to reduce his prison term to 168 months pursuant to 18 U.S.C. § 3582(c)(2). He contended that his sentence should be reduced in light of Guidelines Amendment 706, which is retroactive, the disparity between sentences for cocaine powder and crack, and the sentencing objectives of 18 U.S.C. § 3553(a). The court denied his motion. Although Amendment 706 reduced Mack's previous offense level from 46 to 44, the Guidelines sentence range remained at life imprisonment. Put another way, the two level reduction provided by Amendment 706 did not affect Mack's

2

sentence range. Mack now appeals the court's ruling.

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). The Sentencing Commission's policy statement on retroactive reduction of sentence, U.S.S.G. § 1B.1.10, provides that:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).

Amendment 706 reduced the U.S.S.G. § 2D1.1(c) offense levels in crack cocaine cases. Prior to the amendment, base offense level 38 applied to drug offenses involving 1.5 kilograms or more of crack cocaine. See e.g., U.S.S.G. § 2D1.1(c)(1)(2006). As a result of Amendment 706, base offense level 38 now applies to an offense involving at least 1.5 but fewer than 4.5 kilograms of crack cocaine. U.S.S.G. § 2D1.1(c)(1), (2). Thus, although Amendment 706 reduced the

offense levels in certain crack cocaine cases by two levels, the base offense level for sentences based on 4.5 kilograms or more of crack cocaine remained unchanged.  See U.S.S.G. App. C, Amend. 706.

Contrary to Mack's position, a § 3582(c)(2) motion to reduce sentence does not provide the basis for de novo resentencing.  U.S.S.G. § 1B1.10(a)(3).  Accordingly, § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues."  United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000).  A district court should leave intact its previous factual decisions from the sentencing hearing when deciding whether to reduce a defendant's sentence.  See United States v. Cothran, 106 F.3d 1560, 1563 (11th Cir. 1997) (upholding district court's refusal in a § 3582(c)(2) proceeding to re-examine drug quantity).

Amendment 706 did not effectively reduce Mack's Guidelines sentence range.  Therefore, district court did not err in concluding that Mack was not entitled to a sentence reduction under § 3582(c)(2).   The court's ruling is accordingly

AFFIRMED.