[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

No. 08-15841
Non-Argument Calendar
_____

D. C. Docket No. 98-00049-CR-06-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVAN WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 27, 2009)

Before TJOFLAT, DUBINA, and CARNES, Circuit Judges.

PER CURIAM:

In 2000 Ivan Williams pleaded guilty and was convicted of conspiracy to import cocaine and crack cocaine in violation of 21 U.S.C. § 963. Williams was responsible for more than 4.5 kilograms of crack cocaine. The district court found that his base offense level was 38, his adjusted base offense level was 37, and his criminal history category was I. The applicable guidelines range was 210 to 262 months, and Williams was sentenced to 210 months imprisonment.

In 2008 Williams sought a reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the sentencing guidelines. The district court determined that Williams was not entitled to that relief because he was accountable for 24 kilograms of cocaine base and 247 kilograms of cocaine hydrochloride, and based on that amount of drugs, Amendment 706 did not change his guidelines range.[1] Williams contends that the district court was required to hold a hearing on his § 3582(c)(2) motion and that it abused its discretion in summarily refusing to reduce his sentence. He also argues that the court had the discretion to reduce his sentence under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456(2007), Gall v. United States, __ U.S. __, 128 S. Ct. 586 (2007), and Kimbrough v. United

---

[1] The PSI stated that Williams was responsible for 26.47 kilograms of crack cocaine or its equivalent, but no one disputes that Williams was responsible for more than 4.5 kilograms of crack cocaine.

States, __ U.S. __, 128 S. Ct. 558 (2007). He asserts that the court should have reconsidered his sentence based on the 18 U.S.C. § 3553 factors and his exemplary record while in prison.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)," United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). "[T]he decision whether or not to grant an evidentiary hearing generally is committed to the discretion of the district court." United States v. Yesil, 991 F.2d 1527, 1531 (11th Cir. 1992).

Amendment 706 to the Sentencing Guidelines, along with Amendment 713, retroactively reduced some applicable base offense levels for crack cocaine offenses. James, 548 F.3d at 984–85. A base offense level of 38 now applies to an offense involving 4.5 kilograms or more of crack cocaine. U.S.S.G. § 2D1.1(c)(1). Williams was accountable for more than 4.5 kilograms of crack cocaine and was assigned a base offense level of 38 during his original sentencing proceedings. Therefore, he is not entitled to a sentence reduction because Amendment 706 did not lower his base offense level and his guidelines range. See James, 548 F.3d at 986 ("The provisions of Amendment 706 would not result in a lower base offense level and guidelines range for James. It follows that James is not entitled to resentencing under § 3582(c)(2).").

Nothing in § 3582(c) requires a district court to conduct a hearing. The law is clear that Williams is not entitled to a sentence reduction under § 3582(c)(2). See James, 548 F.3d at 986. There were no new factual determinations to be made. See United States v. Cothran, 106 F.3d 1560, 1563 (11th Cir. 1997) ("[T]he district court is to leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively.") (emphasis omitted). The district court did not abuse its discretion in refusing to conduct a hearing on Williams' § 3582(c)(2) motion. Furthermore, because Williams was not entitled to resentencing under § 3582(c)(2), "[h]is arguments for the application of Booker and Kimbrough at resentencing are academic." James, 548 F.3d at 986.

**AFFIRMED.**