[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13826
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 97-00036-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 17, 2010)

Before BLACK, CARNES and FAY, Circuit Judges.

PER CURIAM:

Edward Taylor appeals the district court's denial of his motion for a sentence reduction, filed pursuant to 18 U.S.C. § 3582(c)(2). Taylor challenges the district court's finding he was accountable for more than 4.5 kilograms of crack cocaine, making him ineligible for a §3582(c)(2) reduction. After review, we vacate and remand.

In the § 3582(c)(2) context,"we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). A § 3582(c)(2) motion to reduce sentence does not provide the basis for *de novo* resentencing, and the district court must maintain "*all* original sentencing determinations" apart from the original Guidelines range. *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). Accordingly, a district court must leave intact its previous factual decisions from the sentencing hearing, including drug quantity calculations, when deciding whether to reduce a defendant's sentence under § 3582. *United States v. Cothran*, 106 F.3d 1560, 1563 (11th Cir. 1997).

Amendment 706 reduces from 38 to 36 the base offense level for offenses that involved more than 1.5, but fewer than 4.5, kilograms of cocaine base, but it does not reduce the offense level for offenses involving more than 4.5 kilograms. *See* U.S.S.G. App. C, amends. 706, 711, 713 (Supp. Mar. 3, 2008); U.S.S.G.

2

§ 2D1.1(c)(1).  In *United States v. Davis*, 587 F.3d 1300 (11th Cir. 2009), the sentencing court expressly found only that Davis was responsible for more than 1.5 kilograms of crack cocaine, but the PSI stated Davis was responsible for at least 8 kilograms.  *Id.* at 1303-04.  Because Davis did not object to the PSI's finding, and the sentencing court adopted the PSI's facts, Davis was ineligible for a § 3582 reduction.  *Id.*

The sentencing court found Taylor was responsible for an amount of crack cocaine that "exceeds 1.5 kilograms" but, unlike in *Davis*, Taylor objected to the PSI's description of the amount of drugs attributed to him and the district court did not adopt the PSI's finding as to a larger drug quantity.  Further, although the sentencing court referred to various cocaine transactions in its findings, only the court's references to "a one-kilogram transaction . . . where the cocaine was cooked at Mr. Taylor's house," and "testimony about cooking crack cocaine in Mr. Taylor's presence at least one time, involving half a kilogram," identified any specific quantity of crack cocaine.  Thus, the sentencing court's additional factual findings do not reflect a finding that Taylor was accountable for more than 4.5 kilograms of crack cocaine.  Because the district court was prohibited from making a new drug quantity finding in the instant § 3582(c)(2) proceeding, the district court erred by concluding that Taylor was ineligible for relief.  Thus, we vacate the denial order

3

and remand the case for the district court to exercise its discretion under § 3582(c)(2).

**VACATED AND REMANDED.**