[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10341
Non-Argument Calendar

_____

D.C. Docket No. 4:90-cr-04051-WS-WCS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHANIEL JAMES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 19, 2012)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Nathaniel James, proceeding *pro se*, appeals the district court's denial of his

motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  On appeal, James argues that the district court: (1) should have granted his motion and assigned him a guideline range of 0 to 240 months' imprisonment; and (2) committed an *ex post facto* violation by raising his base offense level from 36 to 38.  For the reasons set forth below, we affirm the district court's denial of James's § 3582(c)(2) motion.

## I.

Between 1984 and 1989, James organized and operated a large drug organization in Florida that employed 175 people and distributed 10 to 15 kilograms of crack cocaine and hundreds of kilograms of powder cocaine.  In 1991, a jury found James guilty of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846.  Prior to sentencing, a probation officer completed a presentence investigation report ("PSI"), in which James was assigned a base offense level of 36, pursuant to U.S.S.G. § 2D1.1(a)(3). The base offense level was 36 because James was accountable for more than 50 kilograms of powder cocaine or more than 500 grams of crack cocaine.  James received a two-level enhancement for possessing a weapon, pursuant to § 2D1.1(b)(1), and a four-level enhancement for his leadership role.  Thus, his total offense level was 42.  Based on an offense level of 42 and a criminal history

2

category of IV, James's guideline range was life imprisonment.

The district court adopted the factual findings and guideline calculations in the PSI, except that the court determined that James's criminal history category was II.  Based on a total offense level of 42 and a criminal history category of II, James's guideline range was 360 months to life imprisonment.  The court sentenced James to life imprisonment.

In November 2011, James filed a *pro se* § 3582(c)(2) motion based on Amendment 750, in which he argued that, because his indictment did not specify the amount of drugs involved in his offense, he was eligible for a sentence reduction.  James asserted that, under Amendment 750, his guideline range was 0 to 240 months' imprisonment.  The government responded that the district court lacked jurisdiction to grant James's motion because, based on the amount of drugs in his case, his offense level would actually increase if recalculated.  James replied that the court would commit an *ex post facto* violation if it increased his guideline range.

The district court denied James's § 3582(c)(2) motion.  The court explained that, at James's sentencing, it found that the offense involved 10 to 20 kilograms of crack cocaine.  If the revised Sentencing Guidelines were applied to James, he would have a base offense level of 38 based on that finding.  Thus, his base

3

offense level was not lowered by Amendment 750, and the court lacked jurisdiction to reduce James's sentence under § 3582(c)(2).

## II.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A court may only modify a term of imprisonment in limited circumstances, including where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A defendant is not entitled to be resentenced under § 3582(c)(2) if the amendment "would not result in a lower base offense level and guidelines range." *James*, 548 F.3d at 986. Additionally, even where a defendant is resentenced, he does not receive a *de novo* resentencing hearing. *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). Thus, a district court may only substitute the amended guideline. *Id.* at 780. "All other guideline application decisions made during the original sentencing remain intact." *Id.* (quotation omitted); *see United States v. Cothran*, 106 F.3d 1560, 1563 n.5 (11th Cir. 1997) (holding that, in a § 3582(c)(2) proceeding, "the district court was bound by its previous determination with respect to the number of marijuana plants that were relevant to [the defendant's]

4

sentence").

Amendment 750, effective November 1, 2011, made permanent an amendment lowering the base offense levels for particular crack cocaine quantities in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amends. 748, 750. These amendments altered the Drug Quantity Table in § 2D1.1(c) so that a base offense level of 38 applies where there was either 150 kilograms or more of cocaine or 8.4 kilograms or more of cocaine base. *See id.*; U.S.S.G. § 2D1.1(c)(1). In *James*, an appeal from the denial of a § 3582(c)(2) motion that James filed in 2008, we held that James was not entitled to be resentenced. 548 F.3d at 986. We explained that, after applying the amendment at issue, his base offense level would be 38, which was higher than the base offense level of 36 that he was originally assigned. *Id.*

The district court correctly denied James's § 3582(c)(2) motion. Under the court's original drug-quantity calculations, James was held responsible for hundreds of kilograms of cocaine and at least ten kilograms of crack cocaine. Applying Amendment 750 to these drug quantities would give James a base offense level of 38, which applies when there is at least 150 kilograms of cocaine or at least 8.4 kilograms of cocaine base (crack cocaine). *See* U.S.S.G. § 2D1.1(c)(1); U.S.S.G. App. C, Amends. 748, 750. After adding in James's six

5

levels of enhancement, his total offense level and criminal history category would produce a guideline range of life imprisonment. *See* U.S.S.G. Ch.5, Pt.A. Thus, both his base offense level and guideline range would be greater after applying Amendment 750 than they were originally. Because a defendant is not entitled to be resentenced under § 3582(c)(2) if applying the amendment "would not result in a lower base offense level and guidelines range," the district court correctly denied James's § 3582(c)(2) motion. *James*, 548 F.3d at 986.

Next, James's argument regarding an *ex post facto* violation is belied by the record, as the district court did not raise his base offense level. Rather, the district court properly denied James's motion to avoid raising his offense level. Finally, any other issues James raises regarding the basis for his sentence are without merit. Even if James was entitled to be resentenced, the court would be bound by its original determination with respect to the applicable drug quantities. *See Cothran*, 106 F.3d at 1563 n.5. Accordingly, the district court did not err.

For the foregoing reasons, we affirm the district court's denial of James's § 3582(c)(2) motion.

**AFFIRMED.**