[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12275
Non-Argument Calendar

_____

D.C. Docket No. 8:97-cr-00483-EAK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESBURN PINNOCK,
a.k.a. Bull,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 7, 2012)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Desburn Pinnock, proceeding *pro se*, appeals the district court's denial of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines.  Pinnock contends the district court erred in denying his motion for § 3582(c)(2) relief because he should be held accountable for only 300 grams of cocaine base.  He asserts that a breach of the plea agreement occurred when he was held accountable at his original sentencing for 60 kilograms of cocaine base when he only stipulated to 1.5 kilograms.  He requests a remand to determine the proper drug quantity.

A district court may not modify a term of imprisonment unless a defendant was sentenced based on a guideline range that "has subsequently been lowered by the Sentencing Commission."  *See* 18 U.S.C. § 3582(c)(2).  When evaluating whether a defendant is eligible for a reduced sentence, a district court should determine what new sentence, if any, applies, "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed."  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  Even if a retroactive amendment would apply to a defendant's case, he will be ineligible for § 3582(c)(2) relief if the amendment would "not have the effect of lowering [his] applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

2

A § 3582(c)(2) modification "does not constitute a *de novo* re-sentencing," however. *Bravo*, 203 F.3d at 781. Rather, when engaging in this process, a district court must leave "*all* original sentencing determinations . . . unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *Id.*; *United States v. Cothran*, 106 F.3d 1560, 1563 & n.5 (11th Cir. 1997) (explaining the district court was bound by its original drug-quantity finding in a § 3582(c)(2) proceeding).

The district court did not err in denying Pinnock's § 3582(c)(2) motion.[1] Despite his attempts both before the district court and now on appeal, § 3582(c)(2) did not give him license to relitigate the original drug-quantity finding upon which his sentence was based. This quantity—60 kilograms of cocaine base—produced a base offense level of 38 under § 2D1.1(c), both at the time of his original sentencing and as now amended.[2] Because Amendment 750 did not operate to

---

[1] We review the denial of a motion for a sentence reduction under § 3582(c)(2) for abuse of discretion, but review *de novo* a district court's conclusions about the scope of its legal authority under § 3582(c)(2). *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

[2] Amendment 750, effective November 1, 2011, made permanent an amendment lowering the offense levels for particular crack cocaine quantities in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amends. 748, 750. These amendments altered the Drug Quantity Table in § 2D1.1(c) so that a base offense level of 38 applies to crack cocaine quantities of 8.4 kilograms or more. *See id.*; U.S.S.G. § 2D1.1(c)(1) (2012). Pinnock's base offense level was also 38 at his original sentencing.

3

reduce Pinnock's base offense guideline range, he was ineligible for § 3582(c)(2) relief.

**AFFIRMED.**