[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15568
Non-Argument Calendar
_____

D.C. Docket No. 1:89-cr-01018-MP-GRJ-1

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

LUIS LAZARO VIERA,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 8, 2013)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Luis Lazaro Viera appeals pro se the denial of his motion to reduce his

sentence.   18 U.S.C. § 3582(c)(2).   Viera's motion was based on Amendment 750

to the Sentencing Guidelines.    We affirm.

The district court did not err by denying Viera's motion.    Amendment 750 did not have the effect of lowering Viera's sentencing range.    Because the district court had held Viera responsible for 50 kilograms of cocaine, he was ineligible for a sentence reduction.    See United States Sentencing Guidelines Manual § 2D1.1(c)(2) (establishing a base offense level of 36 for 50 kilograms or more of cocaine).    Viera challenges the amount of cocaine attributed to him, but the district court could not disturb its earlier finding about drug quantity when considering Viera's motion to reduce.    See United States v. Cothran, 106 F.3d 1560, 1562–63 (11th Cir. 1997).    Viera also argues that he is entitled to relief under Freeman v. United States, 564 U.S. ——, 131 S. Ct. 2685 (2011), in which a plurality of the Supreme Court held that a district court may grant a reduction of sentence when the defendant was sentenced based on a plea agreement.    Id. at 2691–95.    Unlike the defendant in Freeman, a jury found Viera guilty of conspiring to possess with intent to distribute cocaine and cocaine base.    Based on the quantity of drugs attributed to Viera, his base offense level is unaltered by Amendment 750, and his sentencing range remains unchanged.

We **AFFIRM** the denial of Viera's motion to reduce his sentence.