[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13630
Non-Argument Calendar
_____

D.C. Docket No. 9:95-cr-08089-DTKH-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE BERNARD HUTCHINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 22, 2016)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Terrance Bernard Hutchins, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines.  After Hutchins was found guilty of possession with intent to distribute cocaine base, the sentencing court determined that 250 to 350 kilograms of cocaine base were attributable to Hutchins and applied a base offense level of 38, pursuant to U.S.S.G § 2D1.1(c)(1).  Hutchins now challenges the sentencing court's findings as to the quantity of drugs he possessed and asserts that the district court erred when it found him ineligible for a modification of his sentence.  Upon review of the record and the parties' briefs, we affirm the district court because application of Amendment 782 did not lower Hutchins's guideline range.

## I.

In 1996, a federal jury found Hutchins guilty of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846.  Hutchins's presentence investigation report (PSI) applied the 1995 Guidelines Manual to calculate Hutchins's base offense level as 38, pursuant to U.S.S.G. § 2D1.1(c)(1) because, based on the government's estimate, the offense involved over 630 kilograms of cocaine base.  After the PSI applied a 2-level enhancement for possessing a dangerous weapon and a 3-level role enhancement, Hutchins's total

2

offense level was 43.  Based on the total offense level of 43 and a criminal history category of II, Hutchins's applicable guideline range was life imprisonment.

At his sentencing hearing, Hutchins objected to the PSI's assertions regarding the amount of drugs attributable to him. The district court overruled Hutchins's objections and found, as "an inordinately conservative figure," that "between 250 and 350 kilograms of crack cocaine should be attributable to Mr. Hutchins."  The district court applied a base offense level of 38 and calculated an adjusted offense level of 43 and a criminal history category of II, resulting in a guideline range of life imprisonment.  The district court sentenced Hutchins to life imprisonment.  Hutchins filed a motion for a sentence reduction, which the district court denied.  This appeal followed.

## II.

"We review *de novo* a district court's conclusions about the scope of its legal authority" under § 3582(c)(2).  *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008) (per curiam).  Once a sentence of imprisonment has been imposed, a district court's authority to modify the sentence is "narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  Nevertheless, a district court may reduce a defendant's term of imprisonment where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *See* 18 U.S.C. § 3582(c)(2).  Any

3

reductions, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *See id.* The applicable policy statement precludes § 3582(c)(2) relief unless the amendment at issue has the effect of lowering a defendant's applicable guideline range. *See* U.S.S.G. § 1B1.10(a)(2)(B).

## III.

The district court did not err in determining that Hutchins was ineligible for a sentence reduction because Amendment 782 did not lower his applicable guideline range. Amendment 782 revised the Drug Quantity Table in § 2D1.1(c), increasing the amount of cocaine base necessary to qualify for a base offense level of 38 to 25.2 kilograms or more. *See* U.S.S.G. app. C (Supp. 2014); *compare* U.S.S.G. § 2D1.1(a)(3), (c)(1) (1995), *with* U.S.S.G. § 2D1.1(a)(5), (c)(1) (2014). Amendment 782 became effective on November 1, 2014, and was made retroactive by Amendment 788 as of the same date. U.S.S.G. app. C (Supp. 2014)..

Here, the sentencing court found that Hutchins was responsible for 250 to 350 kilograms of cocaine base, which is above the new drug quantity requirement for a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1) (2014). The 250 to 350 kilograms of cocaine base attributable to Hutchins is far more than the 25.2 kilograms needed to trigger a base offense level of 38 under Amendment 782. *See* U.S.S.G. app. C (Supp. 2014). Therefore, because Amendment 782 did not lower

Hutchins's applicable guideline range, § 3582(c)(2) relief was not authorized.  *See* U.S.S.G. § 1B1.10(a)(2)(B); *see also Jones*, 548 F.3d at 1368–69 (holding that the district court did not err in denying the defendant's § 3582(c)(2) motion because he was sentenced based on a large quantity of drugs that left his base offense level unchanged under Amendment 706).

Hutchins also challenges the sentencing court's factual findings regarding the amount of drugs for which he was responsible.  However, a § 3582(c)(2) adjustment "does not constitute a de novo resentencing," and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."  *United States v. Bravo*, 203 F.3d 778, 781–82 (11th Cir. 2000) (emphasis omitted) (holding that the district court lacked jurisdiction under § 3582(c) to consider the appellant's Eighth Amendment claim because it was an "extraneous resentencing issue[]").  Thus, in the present procedural posture, this court and the district court may only consider whether Amendment 782 applies, and, if so, to what extent a reduction should be granted as a result of the amendment.  *See United States v. Cothran*, 106 F.3d 1560, 1561–62 (11th Cir. 1997) (holding that the district court properly refused to reconsider factual findings regarding the quantity of drugs attributed to a defendant on review of a § 3582(c)(2) motion).  Accordingly, Hutchins's additional factual challenges are "extraneous resentencing issues" that

5

the district court lacked jurisdiction to consider on review of his § 3582(c)(2)

motion.  *See Bravo*, 203 F.3d at 782.

## IV.

The district court correctly concluded that Hutchins was not eligible for a

sentence reduction because Amendment 782 did not change his applicable

guideline range in light of the large quantity of drugs for which he was held

responsible and that Hutchins's additional factual challenges were outside the

court's jurisdiction to consider.  The court's order denying Hutchins's motion for a

sentence reduction pursuant to § 3582(c)(2) and Amendment 782 is hereby

**AFFIRMED.**

6