[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13382
Non-Argument Calendar

_____

D.C. Docket No. 4:90-cr-10023-JLK-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVAN RODRIGO CAMPILLO-RESTREPO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 23, 2017)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

In 1991 a jury found Ivan Rodrigo Campillo-Restrepo guilty of four offenses involving cocaine:  conspiracy to import it, importation of it, conspiracy to possess it with the intent to distribute, and possession of it with the intent to distribute. Under § 3D1.2(d) of the sentencing guidelines, the presentence investigation report (PSR) grouped all four offenses together, concluded that Campillo-Restrepo's offenses involved negotiating to import 500 kilograms of cocaine and successfully importing 360 kilograms of cocaine, and calculated a base offense level of 38. After making adjustments for the specific characteristics of the offenses and Campillo-Restrepo's role in them, the PSR set a total offense level of 43.  Based on that total offense level, Campillo-Restrepo's resulting guideline range was life imprisonment.  The district court adopted the guideline calculation and sentenced Campillo-Restrepo to a term of life imprisonment.

In 2014 Campillo-Restrepo, proceeding pro se, filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending that Amendment 782, which retroactively amended the sentencing guidelines' drug quantity tables in § 2D1.1, lowered his base offense level.  The magistrate judge entered a report recommending that the motion be denied, and the district court adopted that recommendation and denied Campillo-Restrepo's motion.  This is his appeal.

We review de novo the district court's legal conclusions about its authority under § 3582(c)(2), and we review for clear error the district court's factual

findings supporting those legal conclusions.  United States v. Davis, 587 F.3d 1300, 1303 (11th Cir. 2009).  Under § 3582(c)(2), a district court may modify the sentence of "a defendant who was sentenced to a term of imprisonment based on a sentencing range" that the Sentencing Commission later lowered.  18 U.S.C. § 3582(c)(2).  Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission."  Id.  And the applicable policy statement provides that a reduction in the term of imprisonment is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B) & (d).

In a § 3582(c)(2) proceeding, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing"; a de novo resentencing is not permitted.  United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis omitted).  As a result, if at the original sentence hearing the district court determined the drug quantity attributable to the defendant, during the § 3582(c)(2) proceeding it is not permitted to make a new finding about drug quantity that is inconsistent with that original finding.  See United States v. Hamilton, 715 F.3d 328, 339–40 (11th Cir. 2013); United States v. Cothran, 160 F.3d 1560, 1563 & 1563 n.5 (11th Cir. 1997).

Amendment 782 provides for a two-level reduction in the base offense level for most drug offenses.  U.S.S.G. App. C, amend. 782.  At the time of Campillo-

3

Restrepo's sentence hearing, the guidelines provided a base offense level of 38 for defendants responsible for 150 kilograms to 500 kilograms of cocaine. U.S.S.G. § 2D1.1(a)(3), (c)(3) (1991). Under the amended guidelines, a defendant receives a base offense level of 38 if he is responsible for 450 kilograms of cocaine or more, and he receives a base offense level of 36 if he is responsible for at least 150 kilograms but less than 450 kilograms of cocaine. U.S.S.G. § 2D1.1(a)(5), (c)(1), (c)(2) (2015).

The district court denied Campillo-Restrepo's motion because it concluded that at the original sentence hearing it had made a specific finding that he was responsible for 500 kilograms of cocaine, and as a result his base offense level of 38 remained unchanged by Amendment 782. Campillo-Restrepo contends that the sentencing court never made a specific drug quantity finding and that, when confronted with his motion, the district court should have examined the entire record to determine the amount of cocaine attributable to him. See Hamilton, 715 F.3d at 340. And Campillo-Restrepo concludes that his base offense level should be lowered because the evidence did not support a finding that he was responsible for any more than 400 kilograms of cocaine.

Campillo-Restrepo's PSR noted that his "offense involves the negotiations for 500 kilograms of cocaine, however, only 360 kilograms were successfully imported. Pursuant to § 2D1.1 offenses involving between 150 and 500 kilograms

of cocaine have a base offense level of 38." The commentary to the guidelines state that "[i]f the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount."[1] U.S.S.G. § 2D1.4 cmt. n.1 (1991); see id. § 2D1.1 cmt. n.12 (1991) ("If the offense involved negotiation to traffic in a controlled substance, see Application Note 1 of the Commentary to § 2D1.4.").

At the original sentence hearing, the district court adopted the PSR's drug quantity finding and specifically noted that Campillo-Restrepo had negotiated to "import 360, excuse me, 500 kilos of cocaine into the United States." And when confronted with Campillo-Restrepo's motion to reduce his sentence, the district court relied on that quantity finding to deny the motion because, based on that amount, Campillo-Restrepo's base offense level remained the same. The district court was bound by that earlier finding about drug quantity, which led it to conclude that Amendment 782 did not lower Campillo-Restrepo's guideline range. As a result, the district court did not err in denying Campillo-Restrepo's motion.

**AFFIRMED.**

---

[1] The commentary also notes that if "the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount," then "the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing." U.S.S.G. § 2D1.4 cmt. n.1 (1991). Campillo-Restrepo does not contend that this exception applies.