[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14617
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cr-00116-SDM-AEP-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 23, 2018)

Before TJOFLAT, JULIE CARNES, and NEWSOM, Circuit Judges.

PER CURIAM:

Defendant Jose Martinez, proceeding *pro se*, appeals the district court's denial of his motion for reduction of sentence filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  On appeal, Defendant argues that the district court erred by determining that he was not eligible for a sentence reduction because Amendment 782 did not lower his guideline range.  After careful review, we affirm.

## I.    BACKGROUND

In 2012, Defendant pled guilty to conspiring with others to possess with intent to distribute and to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a)-(b) and 21 U.S.C. § 960(b)(1)(B)(ii).

Applying the 2011 Guidelines, the Presentence Investigation Report (PSR) determined that Defendant was responsible for 477 kilograms of cocaine and assigned him a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(1).  With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 35.  Based on a total offense level of 35 and a criminal history category of II, Defendant's guideline range was 188 to 235 months' imprisonment.

According to the Statement of Reasons, the district court adopted the PSR calculations but determined that a sentence below the guideline range was appropriate based on the nature and circumstances of the offense, the need to

2

reflect the seriousness of the offense, and to avoid unwarranted sentencing disparities among defendants. Consequently, the district court varied downward and imposed a 168-month sentence.

In 2014, Defendant filed a *pro se* motion for reduction of sentence under § 3582(c)(2), in which he asserted that Amendment 782 lowered his guideline range. Amendment 782, which became effective November 1, 2014, increased the quantity of cocaine necessary to trigger a base offense level of 38 from 150 to 450 kilograms. *Compare* U.S.S.G. § 2D1.1(c)(1) (2011) *with id.* § 2D1.1(c)(1) (2014); U.S.S.G. App. C, Amend. 782 (2014).

The district court denied Defendant's motion, concluding that Amendment 782 did not lower his guideline range. Specifically, because Defendant was responsible for 477 kilograms of cocaine, his base offense level remained at 38, even after Amendment 782. Defendant subsequently filed another motion for reduction of sentence based on Amendment 782, which was denied by the district court. After Defendant moved for reconsideration, the district court denied the motion.[1]

In 2017, Defendant filed another motion for reduction of sentence pursuant to § 3582(c)(2) and Amendment 782, which is the subject of the present appeal.

---

[1] Defendant appealed the denial of his motion for reconsideration to this Court but later voluntarily dismissed the appeal.

3

Defendant argued that he pled guilty to conspiracy to possess with intent to distribute five kilograms or more cocaine and that he was improperly sentenced based upon a drug-quantity amount to which he had not pled guilty. He also challenged his criminal history category.

The district court denied Defendant's § 3582(c)(2) motion. In doing so, the court reiterated that Defendant was responsible for 477 kilograms of cocaine and referenced its prior orders denying Defendant relief under § 3582(c)(2). The district court also noted that Defendant's challenge to his criminal history category was not properly presented in a § 3582(c)(2) motion.

Defendant now appeals the district court's denial of his § 3582(c)(2) motion. He argues that the district court lacked jurisdiction to find him responsible for 477 kilograms of cocaine because the indictment only alleged 5 kilograms of cocaine. He further asserts that Amendment 782 would have lowered his guideline range if he had been held responsible for 5 kilograms of cocaine.

## II.    DISCUSSION

We review *de novo* a district court's legal conclusions on the scope of its authority under § 3582(c)(2). *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18

4

U.S.C. § 3582(c)(2).  To be eligible for a sentence reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  However, a defendant is not eligible for a reduction under § 3582(c)(2) if the guideline amendment "does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B); *id.* § 1B1.10, comment. (n.1(A)).

Here, the district court properly determined that Defendant was not eligible for a sentence reduction based on Amendment 782 because it did not have the effect of lowering Defendant's applicable guideline range.  At sentencing, the district court found Defendant responsible for 477 kilograms of cocaine and assigned him a base offense level of 38 pursuant to § 2D1.1(c)(1).  After Amendment 782, Defendant's base offense level is still a level 38 because the amount of cocaine that he is responsible for is above the threshold amount necessary to trigger a level 38.  U.S.S.G. § 2D1.1(c) (2014).  Because Amendment 782 does not result in a lower base offense level—and thus does not have the effect of lowering Defendant's applicable guideline range—the district court properly determined that Defendant is not eligible for relief under § 3582(c)(2).  U.S.S.G. § 1B1.10(a)(2)(B); *id.* § 1B1.10, comment. (n.1(A)); *see also Jones*, 548 F.3d at 1369 (concluding that a defendant responsible for a large quantity of crack cocaine

5

did not qualify for § 3582(c)(2) relief because his base offense level remained unchanged by Amendment 706 of the Sentencing Guidelines).

We are also not persuaded by Defendant's attempt to challenge the original drug-quantity finding upon which his sentence is based.  Because "a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing," Defendant cannot relitigate the district court's original drug-quantity finding in this § 3582(c)(2) proceeding.  *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000); *United States v. Cothran*, 106 F.3d 1560, 1562–63 & n.5 (11th Cir. 1997) (explaining that the district court must apply the original drug-quantity finding in a § 3582(c)(2) proceeding).

Accordingly, the district court's denial of Defendant's § 3582(c)(2) motion is **AFFIRMED.**