[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11837
Non-Argument Calendar
_____

D.C. Docket No. 4:89-cr-04013-WS-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THEODORE COCKRAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 12, 2012)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Theodore Cockran, proceeding *pro se*, appeals the district court's denial of

his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), and the denial of his subsequent motion "to alter or amend [the] judgment."  On appeal, Cockran argues that: (1) he is entitled to a sentence reduction under Amendment 750 to the Sentencing Guidelines based on the drug quantity amount charged in his indictment; and (2) the 18 U.S.C. § 3553(a) sentencing factors supported the imposition of a reduced sentence.  For the reasons set forth below, we affirm the district court's denial of Cockran's § 3582(c)(2) motion.

## I.

In 1993, Cockran pled guilty to one count of conspiracy to possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841 and 846.  According the presentence investigation report ("PSI"), from 1987 to 1989, law enforcement officials investigated Cockran's role as the "head of a large crack cocaine distribution organization in the Tallahassee, Florida area." During the investigation, Josephine Rucker, a witness who police officers questioned in relation to a 1987 drug seizure, stated that Cockran was "active in dealing large quantities (kilograms) of crack cocaine."  Additionally, Austin Sanders, a cooperating witness, stated that Cockran "could handle multi-kilo deals," and that he "consistently handled kilograms over a period of eight months."  Finally, Rance Conner, a drug courier in the drug organization,

2

indicated that Cockran had "handled kilograms of cocaine more than once, and possibly as many as five times in 1988."

Based on the 1987 Sentencing Guidelines Manual, the probation officer assigned a base offense level of 36, pursuant to U.S.S.G. § 2D1.1(a)(3). The PSI noted that the government believed that Cockran was involved with "numerous kilograms of cocaine base" in the conspiracy, and the base offense level was 36 because Cockran was accountable for more than 500 grams of crack cocaine. He received a four-level enhancement for his leadership role, pursuant to U.S.S.G. § 3B1.1(a), a two-level enhancement for obstruction of justice, and a two-level reduction for acceptance of responsibility, under U.S.S.G. § 3E1.1(a). Thus, his total offense level was 40. Based on an offense level of 40 and a criminal history category of II, Cockran's guideline range was 324 to 405 months' imprisonment.

During the sentencing hearing, Cockran did not object to the drug quantity, and as a result, the court did not address any drug quantity issues. The court adopted the PSI's guideline calculations, and sentenced Cockran to 324 months' imprisonment.

In December 2011, Cockran filed the instant *pro se* § 3582(c)(2) motion based on Amendment 750. In his motion, Cockran asserted that, because he pled guilty to possessing 50 grams of cocaine base as charged in the indictment, he was

3

eligible for a sentence reduction.  Further, he alleged that his counsel objected to the PSI during sentencing.  Applying Amendment 750 would result in a guideline range of 88 to 120 months' imprisonment.  Finally, Cockran asserted that several § 3553(a) sentencing factors warranted a reduction.

The district court denied Cockran's § 3582(c)(2) motion.  The court explained that Cockran was sentenced "pursuant to the 1987 Guidelines, which attributed a base offense level of 36 (the highest level at that time) to conduct involving more than 500 grams of cocaine base."  However, the PSI indicated that Cockran was active in dealing "kilograms" of cocaine.  Cockran did not object to the drug quantities described in the PSI, and accordingly, the sentencing court did not address the issue of drug quantity.  The sentencing court, however, adopted the factual findings in the PSI.  Applying the revised guidelines to "the multi-kilo drug quantities" described in the PSI, Cockran's base offense level would still be at least a 36.  Because his guideline range was not lowered by Amendment 750, the court lacked jurisdiction to reduce Cockran's sentence under § 3582(c)(2).

Cockran moved to amend or alter the judgment, essentially requesting reconsideration of the denial of his § 3582(c)(2) motion.  The district court denied Cockran's motion to alter or amend the judgment, finding that nothing in the motion affected the court's prior decision as to his § 3582(c)(2) motion.

4

II.

We review *de novo* the district court's legal conclusions about the scope of its authority under the sentencing guidelines and its factfindings for clear error. *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).  A court may only modify a term of imprisonment in limited circumstances, including where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  A defendant is not entitled to be resentenced under § 3582(c)(2) if the amendment "would not result in a lower base offense level and guidelines range."  *United States v. James*, 548 F.3d 983, 986 (11th Cir. 2008).

Additionally, § 3582(c)(2) does not grant the district court jurisdiction to reconsider all original sentencing determinations.  *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).  In fact, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."  *Id.*  Further, when an amendment does not reduce a defendant's sentencing range, and district court lacks authority to grant a sentence reduction under § 3582(c)(2), the court need not examine the § 3553(a) sentencing factors.  *United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009).

5

In determining the applicable guideline range for purposes of a § 3582(c)(2) motion, the district court is bound by the original sentencing court's factual determinations. *United States v. Cothran*, 106 F.3d 1560, 1563 n.5 (11th Cir. 1997) (affirming district court's refusal to re-examine the number of marijuana plants attributed to the defendant by the original sentencing court). The court conducting the § 3582(c)(2) proceeding, however, does not make an "impermissible new finding of fact" if it holds a defendant responsible for a drug quantity that was (1) set forth in the original PSI, (2) not objected to by the government or defendant, and (3) adopted by the original sentencing court. *Davis*, 587 F.3d at 1303-04 (affirming district court's determination that defendant was ineligible for relief based on the original sentencing court's adoption of the PSI's factual finding that the offense involved at least 8 kilograms of crack cocaine, even though the original court had not specified an exact quantity in excess of 1.5 kilograms).

Amendment 750, effective November 1, 2011, made permanent an amendment lowering the base offense levels for particular crack cocaine quantities in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amends. 748, 750. These amendments altered the Drug Quantity Table in § 2D1.1(c) so that a base offense level of 36 applies to cases involving at least 2.8 kilograms but less than 8.4

6

kilograms of cocaine base. *See id.*; U.S.S.G. § 2D1.1(c)(1).

The district court correctly denied Cockran's § 3582(c)(2) motion. Here, Cockran did not object to the drug quantity amounts or factual allegations in the PSI, and the original sentencing court expressly adopted the PSI's guideline calculations and factual findings. The PSI assigned Cockran an offense level of 36, which at that time required a minimum drug quantity amount of 500 grams of cocaine base. However, the undisputed factual allegations in the PSI supported the district court's factual finding that Cockran trafficked in at least 2.8 kilograms of cocaine, as required for a base offense level of 36 under Amendment 750. Specifically, the PSI indicated that: (1) Cockran was "active in dealing large quantities (kilograms) of cocaine," (2) he could handle "multi-kilo" deals; (3) he had consistently handled kilograms of cocaine over several months; and (4) he had "handled kilograms of crack cocaine more than once, and possibly as many as five times in 1988." As in *Davis*, although the district court did not specify an exact quantity of cocaine, other than the minimum 500 gram requirement, the sentencing court's adoption of the PSI's factual findings was sufficient to establish that Cockran was responsible for dealing in multiple kilograms of cocaine. *See Davis*, 587 F.3d at 1303-04.

Although Cockran alleges that his indictment only referenced an amount

greater than 50 grams of cocaine, he never objected to the drug quantities described in the PSI.  Further, Cockran relies on the Supreme Court's recent decision in *Freeman v. United States*, __ U.S. ___, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), but he fails to explain the relevance of *Freeman* to this appeal. *Freeman* addressed whether a defendant who enters a Fed.R.Crim.P. 11(c)(1)(C) plea agreement is eligible for a sentence reduction under § 3582(c)(2).  *See Freeman*, __ U.S. at __, 131 S.Ct. at 2691.  In this case, however, the district court did not deny Cockran's motion for a sentence reduction because he entered a Rule 11 plea agreement, but instead, it found that his applicable guideline range was not subsequently lowered by the Sentencing Commission.  Finally, although Cockran alleges that the § 3553(a) sentencing factors warranted a reduced sentence, the district court was not required to consider those factors.  *See Webb*, 565 F.3d at 793.  Because the application of Amendment 750 would not result in a lower base offense level or guideline range, Cockran was not entitled to a sentence reduction under § 3582(c)(2).  Accordingly, the district court did not err.

For the foregoing reasons, we affirm the district court's denial of Cockran's § 3582(c)(2) motion.

**AFFIRMED.**