[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12251
Non-Argument Calendar
_____

D.C. Docket No. 1:90-cr-00377-RLV-JMF-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE TRAVIS WILLIAMS,
a.k.a. Frank Willis, Jr.,
a.k.a. Travis Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 17, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

In July 1991, a jury convicted George Travis Williams on all counts of a three-count indictment: Count One, conspiracy to possess with intent to distribute crack cocaine; Count Two, possession with intent to distribute crack cocaine; Count Three, traveling in interstate commerce with intent to commit a drug offense. He was then sentenced to concurrent prison sentences: 360 months on Counts One and Two and 60 months on Count Three. In October 2011, Williams moved the District Court pursuant to 18 U.S.C. § 3582(c) to reduce his sentence on Counts One and Two based on Amendment 750 to the Sentencing Guidelines. The court denied his motion. He now appeals.

In sentencing Williams, the District Court, in determining the applicable sentence range on Counts One and Two, found him responsible for 10 kilograms of crack cocaine. He asks that we disregard the finding in reviewing the court's order denying his § 3582(c) motion, because it was the jury's, not the court's, province to determine the amount of drugs involved in his offenses, and the jury made no finding. We should accordingly reverse the District Court's denial of his § 3582(c) motion due to such absence of a jury finding on the drug quantity.

A court may modify a term of imprisonment only in limited circumstances, including where a defendant "has been sentenced to a term of imprisonment based

2

on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, if the amendment "would not result in a lower base offense level and guidelines range," the defendant is not entitled to be resentenced under § 3582(c)(2). *United States v. James*, 548 F.3d 983, 986 (11th Cir. 2008).

Even if the defendant is entitled to be resentenced, he does not receive a *de novo* resentencing hearing. *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). Thus, a district court may only substitute the amended guideline range. *Id.* at 780. "All other guideline application decisions made during the original sentencing remain intact." *Id.* (quotation omitted); *see United States v. Cothran*, 106 F.3d 1560, 1563 n.5 (11th Cir. 1997) (holding that, in a § 3582(c)(2) proceeding, "the district court was bound by its previous determination with respect to the number of marijuana plants that were relevant to [the defendant's] sentence"). Accordingly, the district court must "leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively." *Cothran*, 106 F.3d at 1563 (quotation and emphasis omitted).

Amendment 750 to the Sentencing Guidelines amended the drug quantity table in U.S.S.G. § 2D1.1(c) to reduce offense levels in crack cocaine cases by two levels. *See* U.S.S.G. App. C, Amend. 750 (2011). Amendment 750 was made

3

retroactive by Amendment 759, effective November 1, 2011. *See id.*, Amend. 759 (2011). Amendment 750 is listed in U.S.S.G. § 1B1.10(c). *See* U.S.S.G. § 1B1.10(c). A defendant's base offense level remains unchanged at level 38 if he was sentenced based on a quantity of 8.4 kilograms or more of crack cocaine. *See James*, 548 F.3d at 986 (applying Amendment 706); U.S.S.G. § 2D1.1(c)(1).

The District Court properly concluded that Amendment 750 did not lower the guideline sentence range applicable in Williams's case. At sentencing, the court explicitly found that Williams was responsible for 10 kilograms of crack cocaine. Because his offense involved more than 8.4 kilograms of crack cocaine, Amendment 750 did not lower the guideline sentence range because his base offense level increased from 36 to 38. *See James*, 548 F.3d at 986; U.S.S.G. § 2D1.1(c)(1). Accordingly, the court properly determined that Williams was ineligible for § 3582(c) relief. *See James*, 548 F.3d at 986.

Williams's challenge to the District Court's finding at sentencing that his offenses involved 10 kilograms of crack cocaine fails because a § 3582(c)(2) proceeding is not a *de novo* resentencing, and "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *Bravo*, 203 F.3d at 781. To the extent that Williams argues that the court erred under *Apprendi v. New Jersey*,

530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the drug quantity was not found by a jury, his argument is unavailing because *Apprendi* did not involve a retroactively applicable guideline amendment and it did not provide an independent jurisdictional basis to reduce Williams's sentence. *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (explaining that, because § 3582(c)(2) does not provide a basis for a *de novo* resentencing, Supreme Court decisions by themselves do not provide § 3582(c)(2) relief because they are not retroactively applicable guidelines amendments).

AFFIRMED.[1]

---

[1] Williams argues that the District Court should have granted him § 3582(c) relief because his sentences on Counts One and Two could not exceed 10 ten years. He raised this argument for the first time in his reply brief; thus, it has been waived. *See Timson v. Simpson*, 518 F.3d 870, 874 (11th Cir. 2008).