[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10179
Non-Argument Calendar
_____

D.C. Docket No. 5:98-cr-00008-LC-MD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

CARLOS DEGLACE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 18, 2012)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Carlos DeGlace was convicted by a jury of one count of conspiring to possess with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 846, and one count of possessing with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). The presentence investigation report concluded that DeGlace was responsible for 4.1 kilograms of crack cocaine, which made his base offense level 38. See United States Sentencing Guidelines § 2D1.1(c)(1) (Nov. 1997). He received a 2-level enhancement for his role as an organizer, leader, manager, or supervisor, resulting in a total offense level of 40. DeGlace's criminal history category was II, which resulted in a guidelines range of 324 to 405 months imprisonment. DeGlace objected to being held responsible for 4.1 kilograms of crack cocaine, and at his sentence hearing in 1998 the district court found that DeGlace's offense involved 3.54 kilograms of crack cocaine, which still resulted in a base offense level of 38. The district court sentenced DeGlace to 364 months imprisonment on each count, with the sentences to run concurrently.

In 2008 the district court, on its own 18 U.S.C. § 3582(c)(2) motion, reduced DeGlace's sentence based on Amendment 706 to the sentencing guidelines. That amendment reduced DeGlace's base offense level from 38 to 36, and after the 2-level enhancement for his leadership role, DeGlace's amended offense level was

38, resulting in an amended guidelines range of 262 to 327 months imprisonment. The district court reduced DeGlace's sentence to 294 months imprisonment for each count, with the sentences to run concurrently.

In 2011 DeGlace filed a pro se motion to reduce his sentence under 18 U.S.C. §3582(c)(2), contending that Amendment 750 had reduced his guidelines range. The district court denied that motion, concluding that Amendment 750 did not result in a change to DeGlace's guidelines range. This is DeGlace's appeal of that ruling.

"We review de novo a district court's conclusion that a defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)." United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012).

DeGlace argues that Amendment 750 lowered his guidelines range because his original base offense level (under the 1997 sentencing guidelines) was 38, while his base offense level after Amendment 750 would be 36. See U.S.S.G. § 2D1.1(c)(2) (Nov. 2011) (assigning a base offense level of 36 to offenses involving at least 2.8 kilograms, but less than 8.4 kilograms of crack cocaine). Amendment 706, however, had already reduced DeGlace's base offense level to 36, which made his guidelines range 262 to 327 months imprisonment, and in 2008 the district court reduced his sentence to 294 months based on that new guidelines

3

range.  After Amendment 750, DeGlace's base offense level is still 36, and his guidelines range is still 262 to 327 months imprisonment.  Because Amendment 750 does "not result in a lower base offense level and guidelines range," the district court did not err in denying DeGlace's § 3582(c)(2) motion.  See United States v. James, 548 F.3d 983, 986 (11th Cir. 2008).[1]

DeGlace also contends that the district court had the authority to revisit its drug quantity determination when it considered his § 3582(c)(2) motion.  Section 3582(c)(2) proceedings are not a de novo resentencing, United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2008), and the district court may not revisit the drug quantity determined at sentencing during a § 3582(c)(2) proceeding, United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997) (noting that the district court "is to leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively") (quotation marks omitted).  The district court therefore did not err in declining to revisit its drug quantity determination when it considered DeGlace's § 3582(c)(2) motion.

**AFFIRMED.**

---

[1] Because we conclude that DeGlace's guidelines range did not change, we do not address his arguments that the district court erred by not considering the 18 U.S.C. § 3553(a) factors and abused its discretion by not reducing his sentence to 262 months.  See United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009) (concluding that because the defendant's sentencing range did not change, "the district court correctly recognized that it had no authority under § 3582(c)(2) to reduce his sentence and that it did not need to examine the 18 U.S.C. § 3553(a) factors").