[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12123
Non-Argument Calendar
_____

D.C. Docket No. 4:93-cr-04028-WS-WCS-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAN OTIN JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 5, 2013)

Before MARCUS, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Dan Otin Johnson, a federal prisoner appearing *pro se*, appeals the district

court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction,

pursuant to Amendment 750 to the Sentencing Guidelines. On appeal, Johnson asserts that the PSI held him accountable for only 1.5 kilograms of cocaine base when it calculated his offense level, and his sentence should be reduced based on that drug quantity under Amendment 750.

We review *de novo* a district court's legal conclusions in regard to the scope of its authority under the Sentencing Guidelines. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Facts contained in a PSI are deemed admitted for sentencing purposes unless a party objects to them clearly and specifically at sentencing. *United States v. Davis*, 587 F.3d 1300, 1303-04 (11th Cir. 2009). A district court may modify the imprisonment term of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Part A of Amendment 750 amended § 2D1.1 by reducing base offense levels associated with various amounts of crack cocaine under the Drug Quantity Table in § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750, Pt. A. In 2011, the Sentencing Commission made Parts A and C of Amendment 750 retroactive. 76 Fed. Reg. 41332-01 (2011). Amendment 750 became effective and retroactive on November 1, 2011. U.S.S.G. App. C, Amends. 750, 759.

A district court must follow a two-step process in ruling on a § 3582(c)(2) motion. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the court

2

must recalculate the defendant's sentence "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Id.* According to the Sentencing Guidelines, in determining whether a reduction in the defendant's imprisonment term is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [applicable retroactive amendment] had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). In making such a determination, the court shall substitute only the applicable retroactive amendment for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected. *Id.* At the second step, the court has the discretion to decide whether to retain the original sentence or to resentence the defendant under the amended guideline range. *See Bravo*, 203 F.3d at 781.

"By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding." *Dillon v. United States*, 560 U.S. __, __, 130 S. Ct. 2683, 2690 (2010). The Supreme Court has rejected a defendant's argument that the district court erred in failing to correct two mistakes in his original sentence, concluding that, because such aspects of his sentence were not affected by the amendment to §

3

2D1.1, they were outside the scope of the proceeding authorized by § 3582(c)(2). *Id.* at __, 130 S. Ct. at 2693-94.

Here, the record clearly demonstrates that the district court found that Johnson was accountable for between 5 and 20 kilograms of cocaine base. The district court sentenced Johnson based on a total offense level of 45, which resulted in a guideline range of life imprisonment. Although Johnson argues that the district court erred in holding him accountable for between 5 and 20 kilograms, the district court must "leave all of its previous factual decisions intact." *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (citing *United States v. Cothran*, 106 F.3d 1560, 1562-63 (11th Cir. 1997)). Accordingly, even if Johnson is only held accountable for 5 kilograms of cocaine base, his total offense level under Amendment 750 would be 43 and his guideline range would still be life imprisonment. Thus, Amendment 750 did not lower Johnson's guideline range and did not empower, let alone obligate, the district court to reduce his sentence.

**AFFIRMED.**